SCHMELZER, APPELLANT, v. FARRAR ET AL., APPELLEES.

[Cite as Schmelzer v. Farrar (1974), 40 Ohio App. 2d 440.]

(No. 73AP-296—Decided March 19, 1974.)

*Messrs. Campbell & Hadden* and *Mr. Jonathan A. Tarbox,* for appellant.

*Messrs. Baldwin, Nichol & Menapace* and *Mr. Michael J. Petrucci,* for appellee Gwendolyn Ann Farrar.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. Glenn B. Redick,* for appellee Mary Lavonia Secrest (Bartley).

REILLY, J. This is an appeal from the judgment of the Court of Common Pleas of Franklin County overruling plaintiff's motions for a new trial and a judgment notwithstanding the verdict.

The record indicates that plaintiff, the appellant, was stopped on Route 33 while preparing to turn left into West Fifth Avenue, Columbus, Ohio. He had been driving his automobile south in the left travel lane; whereupon, he was struck in the rear by defendant Farrar (hereinafter called Farrar). Appellee Secrest (hereinafter called Secrest) was travelling south on Route 33 and collided with the rear of Farrar's automobile, apparently forcing it into plaintiff's vehicle. Consequently, appellant's automobile

was projected across the highway, where it stopped in a position facing southeasterly, on the east side of Route 33 and immediately adjacent to East Fifth Avenue.

Plaintiff filed an action in the Court of Common Pleas against Farrar and Secrest. The case was tried, and the jury rendered a verdict for Secrest, but against Farrar, for six thousand and seventy-five dollars and costs. Plaintiff filed motions for a new trial and a judgment notwithstanding the verdict, which were overruled.

Plaintiff has now perfected this appeal and advances eleven assignments of error. Several are related; therefore, they are considered together.

Plaintiff's first two assignments of error are as follows:

"1. Error of the trial court in permitting the defendant Secrest (Bartley) to file answers, denials and objections to certain requests for admissions after the case came on for trial.

"2. Error in overruling the plaintiff's alternative motion requesting further answers or denials tendered by the defendant Secrest (Bartley)."

These assignments of error are not well taken. Whatever error there was only went to proving damages, not the liability issue, as we shall discuss later. Further, Civil Rule 61 reads as follows:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

We also note the first paragraph of the syllabus in *Smith* v. *Flesher* (1967), 12 Ohio St. 2d 107, to wit:

"In order to support reversal of a judgment, the record must show affirmatively not only that error intervened but that such error was to the prejudice of the party seek-

ing such reversal. (Paragraph one of the syllabus of *Ohio Life Insurance and Trust Co.* v. *Goodin,* 10 Ohio St. 557, approved and followed.)"

The record shows the answers and objections of both defendants are quite similar. We reiterate; in effect, they admit liability. Therefore, their admission was not prejudicial to plaintiff. Consequently, assignments of error one and two are overruled.

Appellant's third assignment of error is as follows:

"Error in permitting jury to view the scene of the accident when there had been a substantial change in the intersection and there was sufficient other visual evidence available to disclose the condition of the scene at the time of the collision."

This assignment of error is also not well taken. R. C. 2315.02 reads as follows:

"If the court is of the opinion that it is proper for the jurors to have a view of property which is the subject of litigation, or of a place where a material fact occurred, it may order them to be conducted in a body under the charge of an officer to such property or place, which shall be shown to them by a person appointed by the court for that purpose. * * *"

In brief, the statute provides that a view of the scene of an accident is subject to the discretion of the trial court. This is reiterated in the following passage from 52 Ohio Jurisprudence 2d 531-532, Trial, Section 52.

"The view of property in civil actions in the Common Pleas Court is controlled by RC §2315.02 (GC §11420-2), which provides that *if the court is of opinion that it is proper for the jurors to have a view of property* which is the subject of litigation, or of a place where a material fact occurred, the court may order them to be conducted in a body under the charge of an officer, to such property or place, which must be shown to them by a person appointed by the court for that purpose." (Emphasis added.)

The record in this case does not disclose an abuse of discretion by the trial court in allowing the jury to visit the scene. Actually, it may have aided the jury's understanding of the evidence, by seeing the general location where the

accident happened. Therefore, plaintiff's third assignment of error is overruled.

The fourth, ninth and tenth assignments of error relate to the same legal issues and are considered together. They are as follows:

"4. Error in overruling plaintiff's motion for a directed verdict against the defendant Secrest (Bartley)."

"9. The verdict and judgment are against the manifest weight of the evidence and contrary to law.

"10. The court erred in overruling plaintiff's motion for judgment notwithstanding the verdict."

The record reveals requests for admissions by plaintiff, no timely answer by defendants, and, subsequently, objections and answers permitted by the trial court over plaintiff's objections. Civil Rule 36(A) reads, in pertinent part, as follows:

"* * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer, or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. * * *"

A denial in part is an admission of the part not denied, unless the party qualifies the answer. To the extent there is no answer, there is an admission. This is particularly true where there is a request to file answers out of rule upon a representation that there is no prejudice to the opposing party. Further, Civil Rule 36(B), reads, in pertinent part:

"Any matter admitted under this rule *is conclusively*

established *unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.* \* \* \*'' (Emphasis added.)

We particularly note the following relevant questions and answers in the above requests for admissions:

"19. As a direct and proximate result of the negligence of the defendant Mary Fraley Secrest, plaintiff incurred the following reasonable medical expenses:

| | |
|---|---:|
| A. Richard A. Westphal, M. D. | $1,000.00 |
| B. Mt. Carmel Hospital (Emergency Room) | 12.95 |
| C. Fulton, Howard & Associates | 20.00 |
| D. Riverside Methodist Hospital | 1,637.94 |
| E. Riverside Anesthesiology Service | 185.00 |
| F. Carter, Schwartz & Schmidt, Inc. (x-rays) | 24.00 |
| G. Nursing care | 366.00 |
| H. Miscellaneous prescriptions | 97.30 |
| I. Lumbo sacral brace, chest strap and abdominal corset | 92.50 |
| J. Rental of hospital bed | 33.00 |

"Answer: This defendant is not qualified to give an opinion as to the reasonableness of the expenses and therefore must object to this request."

"21. As a direct and proximate result of the negligence of the defendant Mary Fraley, plaintiff suffered:

A. A flexion-extension injury to his:
1. cervical spine
2. lumbar spine

B. Strain and/or sprain of the muscles, ligaments and/or tissues of:
1. cervical spine
2. lumbar spine

C. Pain:

1. past
2. future
    D. Anxiety and/or worry:
1. past
2. future
    E. Herniated intervetebral [*sic*] disc at:
1. L-4/L-5
2. L-5/S-1
    F. Headaches
    G. Limitation of motion throughout his:
1. neck
2. shoulders
3. cervical spine
4. lumbar spine
    H. Aggravation of a pre-existing spondylolisthesis and spina bifida occulta condition in the:
1. dorsal spine
2. lumbar spine

"Answer: This defendant is not qualified to give a medical opinion and therefore must object to this request."

"23. As a direct and proximate result of the negligence of the defendant Mary Fraley Secrest, plaintiff's motor vehicle was damaged, and

A. The reasonable market value of said motor vehicle in an undamaged condition immediately preceding the collision was $750.00.

B. The reasonable market value of said motor vehicle in a damaged condition immediately following said collision was $50.00.

C. The diminution in the market value of said motor vehicle as a direct and proximate result of said collision was $700.00.

"Answer: This defendant admits plaintiff's vehicle was damaged but is not qualified to give an opinion as to the value and therefore objects to this request."

"25. As a direct and proximate result of the negligence of the defendant Mary Fraley Secrest:

A. Plaintiff was unable to continue his employment.

B. Plaintiff suffered a loss of earnings.

C. Plaintiff suffered a diminution in earning capacity.

D. Plaintiff suffered a loss of earnings of $11,150.00.

E. Plaintiff will in the future suffer a diminution in earning capacity.

F. Plaintiff will in the future suffer pain.

"Answer: The defendant is not qualified to give an opinion to this request and therefore objects to this request."

Thus, it is plain that defendants, in net effect, admitted liability, but denied the damages concerning personal injuries. Defendants directly admitted the damage to the automobile was caused by her negligence. Consequently, since liability was admitted, it was conclusively established by Civil Rule 36(B), quoted above. Therefore, we find that assignments of error four, nine and ten are well taken and sustained as to defendants liability.

Plaintiff's fifth assignment of error is not well taken. It is as follows:

"Error in permitting the Defendant's Secrest's (Bartley's) continued attempts to introduce hearsay evidence by James Karnes, Deputy Sheriff, and error in permitting improper oral argument by the Defendant Secrest (Bartley) relative to the testimony of the witness James Karnes which was ordered stricken from the record."

Franklin County Deputy Sheriff James Karnes was at the scene immediately after the accident. He made the police investigation and was a competent witness. He refreshed his recollection from his report. In any event, the court eventually struck the testimony from the record. Thus, there was no prejudice to plaintiff. Therefore, the fifth assignment of error is overruled.

Plaintiff's sixth assignment of error states:

"Error in overruling plaintiff's motion to suppress any oral argument concerning speculative inferences, application of the laws of physics to the automobile collisions and error in overruling objections to such arguments by the defendant Secrest (Bartley)."

A careful review of the entire transcript indicates that there was argument on an issue which should not have been submitted to the jury for reasons discussed in assignments

of error four, nine and ten. Hence, this assignment of error is sustained.

The seventh assignment of error relates to the trial court's charge. It is stated as follows:

"Error in the charge of the court in the following respects:

"A. In refusing to charge that there was no duty upon the plaintiff to disprove that anything else contributed to cause his injuries or disabilities.

"B. In refusing to charge that the plaintiff was entitled to recover for an aggravation of preexisting conditions even though a more healthy person or one without such preexisting disabilities might not have sustained any injury in the collisions."

The two requested charges are correct statements of the law not otherwise directly explained in the general charge. Further, within the context of this case, they are relevant and reasonable. The trial court did not need to charge upon the exact language as advanced. However, there should have been a charge concerning these issues when requested. Therefore, appellant's seventh assignment of error is well taken and sustained.

Plaintiff's eighth assignment of error is the following:

"The verdict is inadequate."

This assignment of error does not raise a proper issue at this time. The verdict was for defendant. Therefore, the eighth assignment of error is overruled.

Finally, as to plaintiff's eleventh assignment of error:

"The court erred in overruling plaintiff's motion for new trial."

Considering our rulings upon assignments of error four, seven, nine and ten, we are, in effect, granting a new trial. Consequently, plaintiff's eleventh assignment of error is well taken and sustained.

In summation, assignments of error one, two, three, five and eight are not well taken and they are overruled. Assignments of error four, six, seven, nine, ten and eleven are well taken and they are sustained. Accordingly, the judgment is reversed, and this cause is remanded to the

trial court for further proceedings consistent with this decision.

WHITESIDE, J., concurs.
HOLMES, J., dissents.

HOLMES, J., dissenting. I must dissent from the majority herein for the following reasons:

The answers to the requests for admissions were in fact filed out of rule, but I believe that Civ. R. 36(A) grants the trial court the discretionary right to extend the time within which to file answers or objections to such requests.

The court granted the right to file the answers in this matter, and I do not believe the plaintiff was prejudiced thereby. Further, it is my belief that the responses to the requests were not admissions of liability of defendant Mary Secrest. Contrarily, such responses were objections to such requests.

The matter was properly submitted to the jury upon all the evidence, inclusive of that pertaining to Mary Secrest, and the issue as to whether or not the latter had indeed been partially responsible for propelling the plaintiff's auto across Route 33, and any damages suffered by the plaintiff.

The jury, in rendering its verdict for defendant Secrest, answered such question in the negative as to such defendant. I am not able to say such verdict is against the manifest weight of the evidence.