Buckeye Union Insurance Co. et al. *v.* McGraw.

(No. 79 CV E 2508—Decided May 5, 1980.)

Cleveland Heights Municipal Court.

*Messrs. Kreiner, Uhlinger & Lewis* and *Mr. Paul F. Markstrom*, for plaintiffs.
*Mr. James C. Williams*, for defendant.

HUNTER, J.  This is an action in tort arising out of an automobile collision. The plaintiffs have served 10 requests for admissions on defendant. Defendant, who admitted request Nos. 3 and 5, responded to the remainder with the words "lack of knowledge," and nothing more.

In pertinent part, Civ. R. 36(A) provides:

"* * * An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.* * *

"The party who has requested the admissions may move for an order with respect to the answers or objections.* * * If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pretrial conference or at a designated time prior to trial.* * *"

Under the above provisions plaintiffs now move this court for an order declaring admitted those requests to which defendant responded with the words "lack of knowledge."

At the outset, the court wishes to note that a discoveree may ignore with impunity any request for discovery that does not give the discoveree the prescribed period of time for serving his or her response. In the case of a request for admissions, Civ. R. 36(A) specifies that the discoveree shall have "not less than twenty-eight days after service" of the request in which to serve his or her answer or objection, unless that twenty-eight day period is reduced or extended by court order. Civ. R. 6(E) adds an additional three days to this twenty-eight day period whenever the request for admissions

is served on the discoveree by mail. Therefore, when mail service is involved, the discoveree must have, at a minimum, *not less than* thirty-one full days in which to respond, unless the court, by order, shortens this period.

In the instant case, the request for admissions were served on the defendant by mail, and no order was entered by this court reducing the period of time in which the defendant was to answer or object. Nevertheless, the requests for admissions instructed the defendant to respond "within twenty-eight (28) days after service hereof." Clearly, this instruction does not give the defendant the minimum prescribed period, and the defendant would have been within his rights if he ignored the requests for admissions. But even if the extra three days in Civ. R. 6(E) were not added to the twenty-eight days in Civ. R. 36, the instruction would be in error. Civ. R. 36 contemplates a *full* twenty-eight days. But if the service of the response is to be made *within* twenty-eight days, it must be made, at the latest, on the twenty-eighth day. But if it is made on the twenty-eighth day, some portion of that day, however minute, is lost to the discoveree, and the discoveree would not have the full twenty-eight days allowed by the Rule. Accordingly, if the discoverer wishes to correctly employ the "within" formulary in his or her instructions, he or she must state that the response is to be served "within twenty-nine days after service hereof," if the request is personally served on the discoveree's attorney, or "within thirty-two days after service hereof," if service is made by mail.

Be that as it may, the defendant in the present cause answered the requests for admissions without objecting to the erroneous instructions. Therefore, he has waived his right to ignore the requests for admissions, and his responses must now be evaluated as if he had been given an adequate amount of time in which to respond.

This being so, this court would ordinarily apply the rule stated in paragraph three of the syllabus of *St. Paul Fire & Marine Ins. Co.* v. *Battle* (1975), 44 Ohio App. 2d 261, 337 N.E. 2d 806, and declare request Nos. 1, 2, 4, 6, 7, 8, 9 and 10 admitted.[1] But in the present case, the nature of these re-

---

[1] The essence of the *Battle* rule, as it would apply to this cause, is repeated in *Cresong* v. *State Automobile Mut. Ins. Co.*, No. 38479 (Ohio Ct. App. Cuyahoga Co., filed March 22, 1979). See the abstract in 52 *Ohio State Bar Assn. Rep.* 1199 (1979).

quests gives the court pause. An examination of request No. 1 will illustrate. It reads:

"On December 12, 1978, plaintiff, Diamond's Mens Shops, Inc., was the owner of a 1978 Buick motor vehicle having Vehicle Identification No. 4X37K8E111896."

Defendant was requested to admit the truth of this statement without being furnished with any documents or other evidence from which he could discover whether the statement was true or false. No doubt the defendant could discover whether this was true or false without recourse to the certificate of title which is presumably in the possession of the plaintiffs, or without recourse to other evidentiary material in the possession of the plaintiffs and withheld from the defendant, but he could not do so without expending considerable time and effort in investigation.

Request No. 2 is of like nature. Without being furnished with any documents or other evidence from which a fair conclusion could be drawn, defendant was requested to admit the truth of the following statement:

"On December 12, 1978, the 1978 Buick owned by plaintiff Diamond's Mens Shops, Inc., was insured by plaintiff Buckeye Union Ins. Co. under the motor vehicle policy of insurance bearing Policy No. LBA 2528707 which provided collision coverage."[2]

Again, the defendant could discover whether this statement was true or false through the medium of depositions or requests for the production of documents but he could not do so without the expenditure of time, money and effort.

The balance of the requests are of the same ilk. They all go to points which the plaintiffs must prove if they are to succeed, and their truth or falsity all more or less depend upon what is contained in documents or other materials in the plaintiffs' possession.

---

[2] This request is more artfully drafted than would appear at first glance because it contains that "Schmelzer Gambit" which was used with such telling effect in *Schmelzer* v. *Farrar* (1974), 40 Ohio App. 2d 440, 320 N.E. 2d 707. If defendant takes the bait, he will respond only to the insurance portion of the request, and will say nothing about the allegation that "the Buick [was] owned by the plaintiff Diamond's Mens Shops, Inc." But by failing to respond to this "ownership" portion of the request, he will admit the truth of it. As it is put in the headnotes of *Schmelzer, supra:*

"Where, in discovery proceedings conducted pursuant to Civ. R. 36(A) and (B), a party denies a matter in part, to the extent that there is no answer, there is an admission, and the matter is conclusively established."

Now, while these requests are technically proper,[3] this court deems them invalid for two reasons: (1) They are an abuse and a perversion of the spirit of Civ. R. 36 in that they shift the burden of the investigation and production of evidence from the discoverer to the discoveree under the guise of limiting the issues to be tried, and (2) their *in terrorem* effect outweighs their usefulness as an issue-limiting device. To the extent that the cost of the investigation imposed upon the discoveree by requests such as these approaches the amount at issue in the litigation, economic necessity may terrorize the discoveree into making concessions which the law would not legitimately require of him or her, or may compel the discoveree to abandon a meritorious defense simply because he or she cannot afford the cost of an investigation that would satisfy the *Battle* rule.

Accordingly, in future cases, this court will entertain a motion for a protective order relieving the discoveree of the duty of responding to a request for admission if:

(1) the discoverer has the burden of proof or the burden of persuasion with respect to the issue or issues covered by that request for admission, and

(2) as a practical matter, the truth or falsity of the matter to be admitted can only be determined from documents or other materials solely or uniquely within the discoverer's possession, and

(3) the discoverer has not appended to the request for admissions true and complete copies of those documents or other materials, or has not otherwise furnished true and complete copies to the discoveree in ample time for the discoveree to formulate a response.

In this case, however, the court will grant the plaintiffs' motion although it does so with some reluctance. To begin with, the defendant-discoveree did not move for a protective order or otherwise request relief from the duty of responding to these requests for admissions. Secondly, he made no effort whatsoever to comply with the *Battle* rule, and he is clearly in violation of Civ. R. 36 as that Rule is interpreted in the *Battle* rule. Finally, he neither served a brief in opposition to the

---

[3] A similarly phrased request was used to destroy the discoveree in *St. Paul Fire & Marine Ins. Co.* v. *Battle* (1975), 44 Ohio App. 2d 261, 337 N.E. 2d 806.

plaintiffs' motion to have these requests deemed admitted, nor requested any other relief from the effect of his breach of the *Battle* rule.[4] In short, he seems completely indifferent to the consequences of his actions.

Therefore, this court deems it appropriate to apply Rule 11 of its local rules. That rule states:

"In all motions directed to the Court, unless otherwise provided in the Ohio Rules of Civil Procedure, the failure of the party against whom a motion is directed to file a brief in opposition within ten (10) days from the date of service of such motion, may be construed by the Court as an admission that the motion may be granted."

Under all of the circumstances here present, this court believes it is justified in construing the defendant's indifference as an admission that the plaintiffs' motion should be granted.

Wherefore, it is ordered that plaintiffs' motion to deem requests admitted be, and hereby is, granted, and that request for admission Nos. 1, 2, 4, 6, 7, 8, 9 and 10 be, and hereby are, deemed admitted under the provisions of Civ. R. 36.

*Judgment accordingly.*

---

[4] Under the provisions of Civ. R. 36(A) defendant could have requested that a final disposition of plaintiffs' requests for admission be made at a pretrial conference or at a designated time prior to trial, and under the provisions of Civ. R. 36(B) he could have moved for leave to withdraw his answers and for a protective order, or in the alternative, he could have moved for leave to amend his answers so as to bring them within the *Battle* rule. But he did none of these things.