BUCKEYE UNION INSURANCE COMPANY
*v.* REGIONAL TRANSIT AUTHORITY.

(No. 82 CV E 098076—Decided
January 19, 1983.)

Cleveland Municipal Court.

*Kreiner, Uhlinger & Edmonds Co.,
L.P.A.,* and *Mr. Cullan J. Uhlinger,* for
plaintiff.

*Mr. Charles E. Mosley, Jr.,* and *Ms.
Johanna M. Sfiscko,* for defendant
Greater Cleveland Regional Transit
Authority.

ADRINE, J. This is an action for pro-
perty damage allegedly arising out of a
collision between an automobile owned
by Alexander & Alexander and a Great-
er Cleveland Regional Transit Authority
bus operated by Bridgette Pruitt.

Plaintiff, Buckeye Union Insurance
Company (hereinafter "Buckeye"),
asserts that it is the assignee and
subrogee of Alexander & Alexander,
and brings this action as the real party
in interest under the provisions of Civ.
R. 17(A).

The Greater Cleveland Regional
Transit Authority (hereinafter "RTA")
and Pruitt are named as codefendants.
Certified mail service was obtained on
RTA on May 25, 1982. Although cert-
ified mail service was directed to Pruitt,
the record does not reflect delivery to

her, nor does it reflect the return of certified mail service undelivered, unclaimed or refused. Thus, as of the date of this opinion, no action has been commenced against Pruitt. *Lash* v. *Miller* (1977), 50 Ohio St. 2d 63 [4 O.O.3d 155].

On October 8, 1982, Buckeye served requests for admissions on RTA under the provisions of Civ. R. 5 and 36. The requests instructed RTA to respond "within twenty-eight (28) days" after the service of the requests. Thereafter, Buckeye and RTA stipulated that RTA was to "object or otherwise respond to Request for Admissions by Dece. 7, 1982 [*sic*]." However, RTA did not serve its response until December 8, 1982.

Request No. 4 reads as follows: "[T]hat on December 31, 1982, at about 5:30 p.m., Defendant's employee, was operating a bus in an easterly direction on said Lakeshore Boulevard, in the City of Cleveland, Ohio." To this request, RTA responded with the single word, "Denied."

Request No. 5 reads as follows: "[T]hat on December 31, 1982, at about 5:30 p.m., Defendant's employee, negligently operated a bus in such manner striking Plaintiff's insured motor vehicle and thereby proximately damaging Plaintiff's insured's motor vehicle." To this request RTA again responded with the single word, "Denied."

On December 27, 1982, Buckeye moved for an order deeming these two requests admitted. Buckeye's thesis is that the single word, "Denied," is a general denial which, under the provisions of Civ. R. 36 and the rule of *St. Paul Fire & Marine Ins. Co.* v. *Battle* (1975), 44 Ohio App. 2d 261 [73 O.O.2d 291], "results in an admission."

On January 9, 1983, RTA served a two-fold response to Buckeye's motion: First, it argued that that portion of the *Battle* rule relied upon by Buckeye "was merely dicta," and thus not binding on this court; second, it argued:

"Nowhere in Rule 36 does it state that a *denial* must be accompanied by reasons therefor. On the contrary, it simply says that an *objection* must be accompanied by reasons therefor. Since Rule 36 does not require an explanation of a denial, defendant should not be required to explain the denial." (Emphasis in the original.)

The question is now before this court for decision on the motion, the briefs of counsel, and the exhibits attached thereto. Since the question presented is purely a question of law, no oral evidentiary hearing has been held, and no evidence, either sworn or unsworn, has been taken in connection with this motion proceeding.

At the outset, it should be noted that Buckeye's instructions with respect to the response time for the requests is improper. Under the circumstances of this case, a proper instruction with respect to the response time would have read: "within thirty-two (32) days" after the service of the requests. See *Buckeye Union Ins. Co.* v. *McGraw* (1980), 64 Ohio Misc. 61, at 62-63 [18 O.O.3d 322]. Had RTA served and filed a written objection to the requests as a whole on this ground it would have been relieved of the duty of responding until such time as the court ruled on the objection or Buckeye submitted a proper instruction, whichever first occurred. *Wuliger* v. *Schechter* (May 6, 1982), Cuyahoga App. No. 44030, unreported. However, in choosing to respond rather than object, RTA waived the objection. Further, even if the response had contained an objection on this ground, the objection would not have been effective since the response was not timely served within the extended period of time to which the parties had stipulated.

Likewise, since Buckeye has failed to raise any issue with respect to the late service of RTA's response to the requests for admissions it has waived any benefit it might have obtained from that fact.

In pertinent part, Civ. R. 36(A) provides:

"A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder."

Paragraph 3c of the syllabus of *St. Paul Fire & Marine Ins. Co.* v. *Battle, supra,* provides an explanation of this provision. It reads:

"Civil Rule 36 requires that when requests for admission are filed by a party, the opposing party must timely respond in appropriate fashion either by objection or answer.

"* * *

"c. The responding party may answer by admitting the substance of the request, thereby obviating the necessity of proof on that subject, or he may answer by denying the request. If the responding party does deny the request, he must do so in a manner which fairly meets the substance of the requested admission. A general denial is not sufficient and results in an admission."

And again, at page 269 of the decision the court explains:

"An answer may admit or deny the request for admission. Naturally, if there is a direct admission the matter is resolved and proof at trial is expedited. However, if the answer is in the form of a denial, it shall be specific and meet the substance of the requested admission. A general denial is not sufficient and results in an admission."

Finally, at page 271 it is said:

"Looking briefly to the obligations of the responding party, we note that his failure to respond at all to requests for admission will result in the requests becoming admissions against him; that his response in the form of a general objection *or a general denial* will also result in admissions against him; * * *

"Conversely, if the responding party wishes to avoid an admission he must state the reasons for his objection, *or the reasons for his denial,* * * *." (Emphasis added.)

Perhaps to speak in terms of a "general denial," as the *Battle* rule does, is to obfuscate the issue. The question is not so much whether the form of the denial is general or specific, but whether the denial is specific enough, or sufficiently qualified (when good faith requires qualification) to "fairly meet the substance of the requested admission." In some cases, a general denial will meet this test. If, for example, a request for admission contains a single assertion of fact, a general denial will probably "fairly meet the substance of the requested admission." "Admit that you are Sam Jones." "Denied." Here, the general denial is quite proper. The substance of the request is a specific identity, and the general denial meets that substance head on.

On the other hand, if a request for admission contains several assertions of fact, a general denial will seldom meet the *substance* of the request; only in that rare case when every fact asserted is false will a general denial meet the test of Civ. R. 36(A). Under the Civil Rule, if some of the facts asserted are true, those facts must be admitted, and a general denial would not do this. Only a qualified denial, that is, one that contains an explanation as to what facts are admitted and what facts are denied, meets the test of the Civil Rule.

Thus, the *Battle* rule's "general denial" must be understood in terms of a request for admission that contains several assertions of fact. In all probability, one or more of these assertions of fact will be true. Accordingly, a general denial (*i.e.,* "Denied") results in an admission of such a request because it does not meet the *substance* of the request; it does not "specify so much of it as is true and qualify or deny the remainder."

It follows, then, that the *Battle* rule is a correct statement of how Civ. R. 36(A) is to be understood and applied even if it is *dictum* in the context of that case. It also follows that RTA's second argument in opposition to Buckeye's motion is not well-taken; the question is not whether Civ. R. 36(A) requires a denial to be accompanied by an explanation, but, whether, in the context of a specific request, the answer "specif[ies] so much of [the request] as is true and qualif[ies] or den[ies] the remainder * * * when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested."

When measured by this standard, RTA's answer to the fourth request for admission is clearly found wanting. That request contains the following assertions of fact: (1) RTA's employee (2) was operating a bus (3) in an easterly direction (4) on Lakeshore Boulevard (5) at about 5:30 p.m. (6) on December 31, 1982. When RTA responds to these assertions with the single word, "Denied," we are left in doubt as to whether it is denying all of them or only some of them. In its answer to the complaint, RTA admitted "that one of its vehicles was operating on Lakeshore Boulevard, Cleveland, Ohio on December 31, 1980, * * *." Thus, it cannot be supposed that RTA is denying all the assertions of fact. Given RTA's admission, fact (4) is true, and fact (3) is partially true (RTA may be quibbling as to whether the "vehicle" it admits operating at the time and place in question was a "bus"). Likewise, fact (6) would have been true if the request for admission did not contain a typographical error with respect to the year (the collision occurred in 1980, not 1982). But even with that typographical error, it is partially true.

Thus, the very fact that some of these assertions of fact are true, and the fact that an intent to deny them all cannot be imputed to RTA, renders RTA's "Denied" an inadequate answer. Under these circumstances, Civ. R. 36(A) requires RTA to qualify its denial, specifying those facts which are true and denying the remainder. In failing to do this, RTA failed to comply with the mandate of Civ. R. 36(A), and thus admitted the truth of the content of Request No. 4.

Before RTA's answer to the fifth request is examined, it might be well to add a word of caution to what has been said above. Suppose that in the proper situation a party responding to a request for admission can truthfully deny all of the facts asserted in the request. In that case the spirit of Civ. R. 36(A) still requires more than a general denial since such a denial would leave the responding party's intention unclear. Rather, in his answer, the responding party must indicate that he is denying the entire request. But in so answering, the responding party must avoid making an inadvertent admission through a negative pregnant. Thus:

"A denial contains a negative pregnant if its wording is such that, taken literally, it denies only an immaterial part of the plaintiff's allegations, leaving admitted the very allegations it is intended to deny. The most common example is met when a complaint adds to its averment of material facts certain immaterial allegations, such as time, place, amount of indebtedness, or extent of performance, and the denial is of the exact language of the averment; that is, of the material facts *as qualified.* The denial in such a case is literally construed as denying only the immaterial qualifying allegations. Again, where an allegation in the complaint alleges two or more facts conjunctively, and the defendant denies these facts also using conjunctive words, the answer is construed as merely denying the truth of *all* the facts alleged, and therefore admitting the truth of one or another of them. Another case is where the complaint alleges the doing of an act in a particular

manner, which if done otherwise would not give the plaintiff a cause of action; thus, that the defendant did a particular act negligently, or that the plaintiff in the premises acted without negligence. If the answer denies the doing of the particular act in the manner alleged, it is held to put in issue only the manner in which the act was done, leaving admitted the doing of the bare act." Clark, Handbook of the Law of Code Pleading (2 Ed. 1947) 588-589, Section 92.

What is said here of answers to the averments of a complaint is equally true with respect to answers to a request for admission. Requests for admissions are serious business, and the response to them must be taken seriously.

Buckeye's fifth request for admission is a species of what has been described as the "Schmelzer Gambit." See *Buckeye Union Ins. Co.* v. *McGraw, supra,* at page 64, fn. 2, and *Schmelzer* v. *Farrar* (1974), 40 Ohio App. 2d 440 [69 O.O.2d 384]. To qualify as a Schmelzer Gambit, a request for admission must contain at least two "matter[s] of which an admission is requested." The request is then so phrased that the responding party's attention is focused on the second matter set forth, and the first matter is overlooked. Generally this is done by making it appear that the first matter is merely innocuous introductory material to the statement of the second matter. If the responding party is not careful, he will respond only to the second matter and will ignore the first matter. As a consequence, the first matter stands admitted. As the rule is stated in the syllabus of *Schmelzer* v. *Farrar, supra*:

"Where, in discovery proceedings conducted pursuant to Civ. R. 36(A) and (B), a party denies a matter in part, to the extent that there is no answer, there is an admission, and the matter is conclusively established."

As long as all matters set forth in the Schmelzer Gambit are within the scope of discovery as outlined in Civ. R. 26(B), the request is not objectionable. "A true objection challenges the validity or propriety of a particular request for admission. The party objecting is in effect stating that the request does not require an answer." *St. Paul Fire & Marine Ins. Co.* v. *Battle, supra,* at page 273. However, Civ. R. 36(A) mandates that "[e]ach matter of which an admission is requested shall be *separately* set forth." (Emphasis added.) Therefore, since a Schmelzer Gambit violates Civ. R. 36(A), and since it leaves it inherently unclear just what the responding party is required to admit or deny, the presence of a Schmelzer Gambit in a series of requests for admission is ground for seeking a protective order under the provisions of Civ. R. 26(C).

In the case at bar, RTA did not seek a protective order. Therefore, it was required to respond to request No. 5. By responding with the word, "Denied," it evaded the trap of the Schmelzer Gambit. But because request No. 5 was a request to admit more than one matter, RTA's "Denied" was not specific enough, and RTA fell into the "general denial" trap discussed above. Thus, if this was all that RTA had done in response to Buckeye's requests, Buckeye's motion to declare requests No. 4 and 5 admitted would have to be granted; RTA's general denial was not sufficient, and it resulted in an admission of both requests.

But in its brief in opposition to Buckeye's motion, RTA requested that it be given time to amend its answers or given time to comply with whatever order this court might enter on Buckeye's motion. Accompanying this request were amended answers to requests No. 4 and 5, and these amended answers meet the requirements of Civ. R. 36(A) with respect to specificity and qualification.

In this connection, Civ. R. 36(A) provides:

"The party who has requested the admissions may move for an order with respect to the answers or objections. * * * If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. * * * The provisions of Rule 37(A)(4) apply to the award of expenses incurred in relation to the motion."

Thus, it is within this court's discretion to allow the service of the amended answers.

In exercising that discretion, this court has in mind what was said in *Normali* v. *C.A.L.U.* (1974), 39 Ohio App. 2d 25, at 30 [68 O.O.2d 169]:

"The Civil Rules could not bind a court of law to accept as true an incorrect response to a discovery request. The Civil Rules are designed and should be construed as an aid and not an impediment in the search for truth."

Since a review of RTA's amended answers suggests that the technical admissions flowing from its original answers may not be entirely true, this court deems that principle controlling, and will grant RTA's request for leave to amend. Should RTA's amended answers prove false in any respect, an appropriate sanction can be found in Civ. R. 37(C).

Since RTA's amended answers have already been served on Buckeye, this court will deem RTA in compliance with the grant of leave to serve amended answers, and the amended answers will be deemed filed with this court as of the date of the order accompanying this opinion.

Parenthetically, however, it must be noted that RTA's amended answers to both requests repeat the same typographical error that appears in both requests; that is, the requests and the amended answers speak of an incident that occurred on December 31, *1982*. The complaint and the answer, however,

speak of an incident that occurred on December 31, *1980*. Unless this court is promptly advised otherwise, it will assume that both the requests for admissions and the amended answers thereto intend to identify the date of the incident as December 31, *1980*.

There remains the award of reasonable expenses and attorney's fees, if such an award is appropriate in the circumstances. As noted above, Civ. R. 36(A) makes Civ. R. 37(A)(4) applicable to this proceeding. When these two rules are read together, the latter mandates as follows:

"If the motion [for an order with respect to the answers to the requests for admissions] is granted, the court shall, after opportunity for hearing, require the party * * * who opposed the motion * * * to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

In *Bilikam* v. *Bilikam* (1982), 2 Ohio App. 3d 300, at 306, the Court of Appeals for Franklin County construed an analogous provision in Civ. R. 37(D), and said:

"The second part of Civ. R. 37(D) is mandatory. If the trial court does not issue an order as a sanction, it is required to assess costs against the offending party and/or his attorney. The Supreme Court has held that 'may' is permissive and 'shall' is mandatory unless there is a clear legislative intent that these words should have another construction. *Dorrian* v. *Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102 [56 O.O.2d 58] (first paragraph of syllabus).

"The rule requires the awarding of reasonable expenses and attorney's fees where a party fails to appear for depositions. Such a sanction is necessary to protect deposing parties from undue expense caused by an unresponsive oppo-

nent. Furthermore, when the court deems it proper in the interests of justice, it may excuse the offending party from such expenses by making an express finding that the failure was 'substantially justified' or that an award of expenses would otherwise be unjust. Such an order has not been entered in this case. Civ. R. 37(D) thus presumes a mandatory award of reasonable expenses, including attorney's fees."

Without doubt, this interpretation of Civ. R. 37(D) is equally applicable to the conjoined Civ. R. 36(A) and 37(A)(4).

In the case at bar, Buckeye's Civ. R. 36(A) motion has been granted even though it did not obtain the precise relief it requested. Therefore, as the prevailing party, Buckeye is entitled to an award of reasonable expenses and attorney's fees unless it waives that award, or unless this court finds that RTA's opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Because the *Battle* rule has been well-established for many years, this court cannot find RTA's opposition to Buckeye's motion "substantially justified." On the other hand, RTA's prompt tender of amended answers which comply with the *Battle* rule's requirement is a circumstance which makes an award of expenses in this case unjust. Therefore, because of RTA's prompt and expeditious curing of its error, and because Buckeye has not expressly requested an award of reasonable expenses and attorney's fees, this court declines to make such an award.

*Motion granted.*