EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, APPELLANT, *v.* KUSS CORPORATION, APPELLEE.

(No. 5-83-42 — Decided May 23, 1984.)

*Hackenberg & Beutler* and *David A. Hackenberg,* for appellant.

*Bendure, Kelbley & Davis* and *Randall S. Bendure,* for appellee.

GUERNSEY, J. This is an appeal by the plaintiff, Equitable Life Assurance Society of the United States, from a judgment of the Court of Common Pleas of Hancock County for the defendant, Kuss Corporation.

In its complaint filed January 27, 1983, the plaintiff set forth three counts. The first was on an account for $26,006, Exhibit "A" to the complaint. The second was for $26,006 "for services provided by plaintiff for Defendant; thus unjustly enriching Defendant." The third count incorporated the allegations of the other two counts and seeks recovery of $26,006 due, under Exhibit "B" to the complaint, constituting a modification of "two (2) written agreements between Plaintiff and

Defendant which were group insurance policies having policy numbers 58048W and 58048H." Notwithstanding that it was alleged that copies of these two policies were not attached to the complaint because each party possessed a copy of these policies, it was later established that neither party possessed same at the time of filing the complaint or thereafter. Exhibit "A" to the complaint purports to be a statement of account prepared by the plaintiff showing $26,006 being due on the account with defendant corporation as "retrospective premium adjustment for period 11/22/78 to 11/21/79." Exhibit "B" to the complaint purports to be an amendment to the group policies providing for a retrospective premium adjustment "with respect to each of said Group policies," but does not set forth the provisions of the group policies except by reference.

Plaintiff then filed on February 3, 1983, and served on defendant, its "First Set of Interrogatories and Request for Admissions."

On March 11, 1983, defendant filed its answer which, except for admitting a demand made by plaintiff on it for $26,006, the existence and execution of Exhibit "B," and the existence, but not the provisions, of the group policies, consists essentially of a general denial of the allegations of the complaint.

On the same date defendant filed its response to plaintiff's request for admissions expressly admitting, among other things, the execution of Exhibit "B," and the written demand on defendant for payment, but stated that it was "unable to either admit or deny" the first, the last part of the sixth, the eighth, the ninth, the tenth, the seventeenth, the eighteenth, and the nineteenth requests. No representation was made as to these responses of the defendant making reasonable inquiry and that the information known or readily obtainable by it was insufficient to enable it to admit or deny.

On March 14, 1983, plaintiff moved for summary judgment against defendant supporting its motion by an affidavit of its "Section Manager," asserting the indebtedness of $26,006, the authenticity of Exhibits "A" and "B" to the complaint and the correctness and accuracy of Exhibit "C" to the affidavit, alleged to set forth the mathematical calculations pursuant to Exhibit "B" to the complaint which established defendant's indebtedness to plaintiff.

On April 12, 1983, defendant responded with a motion to overrule plaintiff's motion for summary judgment and supported said motion with the affidavit of its attorney which, among other things, denies the indebtedness in the amount of $26,006 and disputes the accuracy of the plaintiff's calculations in the light of the contractual provisions existing between the parties. This motion and affidavit were struck by the trial court as having been untimely filed but their contents were proffered by defense counsel.

On April 21, 1983, the trial court filed its memorandum finding against the plaintiff on count one, stating that Exhibit "A" to the complaint is "patently not an 'account' as the term is used in Ohio pleading," and finding against plaintiff on count two, stating that there is no way of proving unjust enrichment "absent a total agreement therewith and there is no such agreement by the defendant." Eight days later the court filed its journal entry of judgment overruling the motion for summary judgment in all three of its branches.

On August 29, 1983, the cause went to trial and on September 9, 1983, the court filed its journal entry of judgment reflecting its action in dismissing the complaint involuntarily and with prejudice and rendering judgment for the defendant on the defendant's motion made at the close of the plaintiff's case in chief, the "Plaintiff having failed to properly prosecute its action in that

upon all facts and law, the Plaintiff has shown no right to relief."

The plaintiff thereupon appealed assigning error to the trial court (1) in denying the plaintiff's motion for summary judgment, and (2) in granting an involuntary dismissal under Civ. R. 41 at the close of plaintiff's case.

As to the first assignment of error it must first be observed that defendant has neither filed a cross-appeal nor has it filed any appellee's assignments of error. Issue has not been taken by the defendant, therefore, as to the trial court's action in striking defendant's affidavit. We must, therefore, consider the first assignment of error as if no affidavit had been filed by the defendant contrary to the motion of the plaintiff for summary judgment.

Although plaintiff's section manager states in his affidavit that the defendant "is indebted to Plaintiff, * * * in the sum of $26,006.00," and that "payment has been demanded," his affidavit neither states nor shows that it was made on personal knowledge as required by Civ. R. 56(E), was objected to by the defendant for such reason at the summary judgment hearing, has no probative value, therefore, in support of the summary judgment motion, and should not have been considered by the trial court over the defendant's objection. Compare *State, ex rel. Corrigan,* v. *Seminatore* (1981), 66 Ohio St. 2d 459 [20 O.O.3d 388], where the affidavit averred that it was made on the affiant's personal knowledge.

Was there then other evidentiary documentation permissible under the provisions of Civ. R. 56 supporting a summary judgment in the amount of $26,006 under any of the three alternative theories of liability?

The only evidentiary material the trial court had remaining to consider on the motion for summary judgment were the admissions, if any pertinent, in the defendant's response to plaintiff's request for admissions.

Plaintiff, proceeding under the provisions of Civ. R. 36, requested the defendant to make certain admissions. Defendant specifically admitted certain things, specifically denied others, and must be charged under the provisions of Civ. R. 36 with other admissions by implication. In *Carroll* v. *Lucas* (1974), 39 Ohio Misc. 5 [67 O.O. 104], Judge Black of the Court of Common Pleas of Hamilton County, held that admissions by implication under Civ. R. 36 were not to be considered as "written admissions" permissible for consideration under Civ. R. 56(C). In our opinion the better rule is that set forth in Browne, Contra Carroll: A Commentary on *Carroll* v. *Lucas* and the Use of Rule 36 Admissions in Summary Judgment Procedures (1975), 2 Ohio No. U. L. Rev. 704, 717, wherein it is concluded that "a proper interpretation of Rule 56(C) requires a construction of the phrase 'written admissions' that is equivalent to 'admissions evidenced by a writing.'" Compare *Schmelzer* v. *Farrar* (1974), 40 Ohio App. 2d 440 [69 O.O.2d 384].

Civ. R. 36(A) prescribes, among other things, as to the answer to a request for admissions:

"* * * The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. * * * An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. * * *"

In *St. Paul Fire & Marine Ins. Co.* v. *Battle* (1975), 44 Ohio App. 2d 261, 271 [73 O.O.2d 291], Judge Krenzler summarizes these requirements of Civ. R. 36 as follows:

"Looking briefly to the obligations of the responding party, we note that his failure to respond at all to requests for admission will result in the requests becoming admissions against him; that his response in the form of a general objection or a general denial will also result in admissions against him; and *that a response citing lack of information or knowledge as a reason for failure to admit or deny will result in an admission against him unless, in addition, he both states and demonstrates in writing that he has made reasonable inquiry and unless he both states and demonstrates in writing why the information known or readily obtainable by him as a result of his reasonable inquiry is insufficient to enable him to admit or deny.*

"Conversely, if the responding party wishes to avoid an admission he must state the reasons for his objection, or the reasons for his denial, or state in detail the reasons why he cannot truthfully admit or deny, or state and demonstrate in writing that he has made reasonable inquiry and that the information known or readily obtainable by him is sufficient [insufficient] to enable him to admit or deny before giving lack of information or knowledge as a reason for failure to admit or deny." (Emphasis added.)

As corrected by the bracketed word we approve and adopt this summarization and find, accordingly, that by failure to make the requisite additional representations as to reasonable inquiry, etc., defendant failed to properly deny the requests for admissions. The defendant has accordingly admitted by implicaiton all of those things set forth in the first, last part of the sixth, eighth, ninth, tenth, seventeenth, eighteenth and nineteenth requests to admit.

Defendant has conclusively admitted, among other things, that it "owes Plaintiff the sum of Twenty Six Thousand Six Dollars ($26,006.00) according to the account annexed * * * [to the complaint] as Exhibit 'A' "; that on "or about May 12, 1981 Plaintiff made a written demand on Defendant in accordance with the provisions set forth in the contract attached * * * [to the complaint] as Exhibit 'B', for payment of $26,006.00"; that under "the provisions of the modification, the retrospective premium adjusted, attached * * * [to the complaint] as Exhibit 'B', Plaintiff was to provide certain insurance coverage which Plaintiff did and Defendant agreed to make payment to Plaintiff of a retrospective premium adjustment in a sum of money as determined and computed by the formula expressed in Exhibit 'B' "; that "Defendant has failed and neglected to perform the conditions of the contract as modified required from it in that said Defendant failed to pay the retrospective premium adjustment due to Plaintiff although performance has been demanded by Plaintiff and Plaintiff has performed each and every obligation imposed upon it by the written contractual agreement between Plaintiff and Defendant"; that by "reason of this failure of Defendant, Plaintiff has sustained damage in the sum of $26,006.00"; that "Defendant did receive the insurance coverage it contracted with Plaintiff under Group Insurance Policies having policy number 58048W and 58048H during the period beginning November 22, 1978 to November 21, 1979, inclusive," that "Exhibit A as attached * * * [to the request for admissions] correctly sets forth the calculations used by Plaintiff to arrive at the sum of $26,006.00 being the amount set forth in Plaintiff's Complaint as alleged being owed by Defendant"; and "that the calculations as set forth in Exhibit A, as attached * * * [to the request for admissions] were calculated in accordance with the provisions set forth in Exhibit B as attached to Plaintiff's Complaint."

In our opinion these implied admissions, when considered together with

the express admissions in the request for admissions and the express admissions in the answer to the complaint, supplied adequate foundation for liability of the defendant to the plaintiff in the amount of $26,006 and for summary judgment therefor, whether that liability be based on one or more of the three alternative theories of liability set forth in the complaint. We conclude, therefore, that the trial court committed error prejudicial to the plaintiff in denying plaintiff's motion for summary judgment.

In view of our conclusion that the trial court should have rendered summary judgment for the plaintiff, our consideration of the second assignment of error, that the trial court erred in granting an involuntary dismissal under Civ. R. 41 at the close of plaintiff's case, becomes somewhat hypothetical in that the cause never should have gone to trial. Nevertheless, assuming it properly went to trial, the action of the trial court, claimed to be erroneous, was the foundation for the judgment arising from trial.

Although the reasons for the court's trial judgment were not carried fully therein, reference to the transcript of proceedings reflects that, in essence, the court sustained the motion and dismissed the action because of its conclusions that there was no account, no showing of unjust enrichment, and no production of the underlying insurance policies.

It is true that Exhibit "A" to the complaint is not an account in the sense of short form pleading as it existed before the adoption of the Civil Rules, but such shortcoming only constituted a pleading problem in the days when it was necessary that a petition allege a cause of action. *Dykeman* v. *Johnson* (1910), 83 Ohio St. 126. Under the complaint concept of pleading it is no longer necessary to allege all of the elements of an account in order to prosecute a claim

therefor. However, Civ. R. 10(D) does set forth a requirement that when any claim is founded on an account "or other written instrument" a copy thereof must be attached to the pleading. It would seem that if the claim is founded on an account which is not a "written instrument" this requirement could not be complied with. In the final analysis, however, whether an action on an account exists is primarily a matter of proof, when the account is not admitted. *American Security Service, Inc.* v. *Baumann* (1972), 32 Ohio App. 2d 237 [61 O.O.2d 256]; and *AMF, Inc.* v. *Mravec* (1981), 2 Ohio App. 3d 29.

In the circumstances of this assignment of error the issue then becomes whether the plaintiff proved liability of the defendant on any of the three theories presented by the complaint in the absence of production of the two underlying insurance policies. Civ. R. 36(B) gives to either express or implied admissions made under the provisions of Civ. R. 36(A) conclusively binding effect, for purposes only of the pending action, unless the admissions are withdrawn or amended with the approval of the court. The admissions here involved, and previously discussed, were not withdrawn or amended. Accordingly, although trial was to the court without a jury, and the court was permitted under the provisions of Civ. R. 41(B)(2) to weigh the evidence before it in determining the facts on a motion for dismissal made at the completion of presentation of plaintiff's evidence, the trial court could not by weighing the evidence, particularly as to the availability of the provisions of the basic group insurance policies, overcome the conclusiveness of defendant's admissions as to liability and the amount of such liability arising from defendant's answers to the request for admissions.

Accordingly, the trial court committed error prejudicial to the plaintiff in sustaining the defendant's motion for an involuntary dismissal under the pro-

visions of Civ. R. 41 at the close of plaintiff's case. As we have previously concluded that the plaintiff was entitled to summary judgment we do not extend our hypothesis to determine whether the plaintiff was entitled to final judgment or merely new trial for the court's error in sustaining its motion for involuntary dismissal.

For the prejudicial errors of the trial court its action in overruling the motion for summary judgment and its judgment dismissing the complaint are reversed and vacated and the cause remanded thereto with instructions to sustain the plaintiff's motion for summary judgment and to render summary judgment for the plaintiff and against the defendant.

*Judgment reversed.*

MILLER, P.J., and WHITESIDE, J., concur.

WHITESIDE, J., of the Tenth Appellate District, sitting by assignment in the Third Appellate District.