**TUCKER**

v.

**McQUERY et al.**

Court of Common Pleas of Ohio,
Clermont County.

No. 95–CV–0777.

Decided Nov. 10, 1999.

*Donald C. Moore, Jr. & Co., L.P.A.*, and *Donald C. Moore, Jr.* and *R. Craig McLaughlin*, for plaintiff Sarah Tucker.

*Benjamin, Yocum & Heather, L.L.C.*, and *Charles F. Hollis III*, for defendant Allstate Insurance Company.

---

ROBERT P. RINGLAND, Judge.

Before this court is Allstate Insurance Company's motion to amend admission No. 31.[1]  On May 3, 1999, defense counsel was served with interrogatories and requests for admissions.  Upon being served with these discovery requests, defense counsel admittedly forgot to answer them.  This failure to answer the request for admissions was, allegedly, inadvertent.  Defense counsel asserts that he was not made aware of his oversight until November 5, 1999, when plaintiff's counsel called it to his attention.  Plaintiff's counsel, according to defendant, had also forgotten about the outstanding discovery request.  Upon discovering his error, defense counsel answered the discovery requests.  On an affidavit accompanying the motion at issue, defense counsel stated that he answered the requests for admission in the same manner he would have answered them if he had responded within the prescribed time period.  The answers have been served upon plaintiff's counsel.

Requests for admissions are an integral part of the discovery process. "A request for admission can be used to establish a fact, even if it goes to the heart of the case." *Cleveland Trust Co. v. Willis* (1985), 20 Ohio St.3d 66, 67, 20 OBR 364, 365, 485 N.E.2d 1052, 1053.  The rationale is that such a policy furthers the primary purpose of resolving potentially disputed issues, and thus expedites trial.  *Sciranka v. Hobart Internatl., Inc.* (Sept. 4, 1992), Miami App. No. 91 CA 61, unreported, 1992 WL 211804, at *2.

The issue before this court is whether defense counsel should be allowed to amend admission No. 31 to "deny."  According to Civ.R. 36(A), all answers to requests for admissions must be submitted within twenty-eight days.[2]  It is well settled law in Ohio that if a party fails to respond within the allotted time, this

---

1.  Admission No. 31, "The services in the bills attached hereto as Exhibit H were necessary to treat injuries which Plaintiff Sarah Tucker sustained on November 28, 1993."

2.  Civ.R. 36(A) provides:
    "Each matter of which an admission is requested shall be separately set forth.  The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."

fact is construed as a conclusive admission of the allegations. See, *e.g.,* Civ.R. 36(B); *Dobbelaere v. Cosco, Inc.* (1997), 120 Ohio App.3d 232, 244, 697 N.E.2d 1016, 1024, quoting *Klesch v. Reid* (1994), 95 Ohio App.3d 664, 675, 643 N.E.2d 571, 578; *Cunningham v. Garruto* (1995), 101 Ohio App.3d 656, 659, 656 N.E.2d 392, 393. However, Civ.R. 36(B) affords some relief from this harsh result:

"Subject to the provisions of Rule 16 governing modification of a pretrial order, *the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.*" (Emphasis added.)

Implicit in this rule is that the trial court has the discretion to permit a party to amend an answer deemed admitted. See, *e.g., Tabor v. Westfield Cos.* (Feb. 27, 1998), Gallia App. No. 97CA05, unreported, 1998 WL 90899, at *2; *Buckeye Union Ins. Co. v. Regional Transit Auth.* (1983), 14 Ohio Misc.2d 11, 16, 471 N.E.2d 885, 891.

Although trial courts are given the discretion to allow a party to amend answers deemed admitted, courts generally require that the underlying circumstances be compelling. See, *e.g., Sandler v. Gossick* (1993), 87 Ohio App.3d 372, 377–378, 622 N.E.2d 389, 393 (upholding trial court's refusal to consider answers filed fifty-nine days late without any proffered evidence to excuse attorney's dilatory response); *Gwinn v. Volkswagen* (Feb. 8, 1988), Greene App. No. 87–CA–56, unreported, 1988 WL 13195, at *3 (stating that no "compelling circumstances" exist to excuse having failed to file a timely response to a request for admissions where an attorney merely cites "office personnel problems" as the reason for the late answers). Nevertheless, courts must not lose sight of the policy upon which the Ohio Rules of Civil Procedure are grounded. The "rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments." Civ.R. 1(B). Indeed, in *Normali v. Cleveland Assn. of Life Underwriters* (1974), 39 Ohio App.2d 25, 30, 68 O.O.2d 169, 172, 315 N.E.2d 482, 486, the court stated: "The Civil Rules could not bind a court of law to accept as true an incorrect response to a discovery request. The Civil Rules are designed and should be construed as an aid and not an impediment in the search for truth." Thus, while courts should generally require compelling circumstances, where justice would be thwarted by strict adherence to that requirement, justice should be preferred.

"In exercising this discretion [*i.e.,* allowing amendment to answers deemed admitted] the court must balance the importance of having the issues decided on their merits with the desirability of allowing the parties to rely on admissions in the preparation of trial." *Cleveland Trust Co. v. Firestone Bank*

(Sept. 27, 1984), Summit App. Nos. 11595 and 11599, unreported, 1984 WL 3958, at *3. The length of time between when the answers should have been filed and when they are actually submitted is only one factor to be considered. See *Hatfield v. Orrville Sav. Bank* (Dec. 28, 1988), Summit App. No. 13645, unreported, 1988 WL 139606, at *3–4. Where a trial judge concludes that allowing a party to amend answers "serve[s] what he believe[s] to be the best interests of justice," such a determination generally will not be disturbed on appeal. See *Nursing Staff of Cincinnati, Inc. v. Sherman* (1984), 13 Ohio App.3d 328, 330, 13 OBR 406, 408, 469 N.E.2d 1031, 1034. Indeed, our Supreme Court has stated:

"Pursuant to Civ.R. 36(B), a trial court, upon motion, *may* permit the withdrawal or amendment of a Civ.R. 36(A) admission when presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." (Emphasis added.)

*Balson v. Dodds* (1980), 62 Ohio St.2d 287, 16 O.O.3d 329, 405 N.E.2d 293, paragraph two of the syllabus; *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d at 67, 20 OBR at 365, 485 N.E.2d at 1053.

■ Denying a party's motion to amend should not be done lightly because a refusal may have significant consequences and contravene the aims of justice. For example, many courts hold that an admission pursuant to a party's failure to respond to a request for admission, which is evidenced by a writing, constitutes a "written admission" for the purposes of summary judgment. See, *e.g., Klesch v. Reid*, 95 Ohio App.3d at 675, 643 N.E.2d at 578; *T & S Lumber Co. v. Alta Constr. Co., Inc.*, (1984), 19 Ohio App.3d 241, 242–244, 19 OBR 393, 394–396, 483 N.E.2d 1216, 1217–1219, disapproving *Carroll, infra; Equitable Life Assur. Soc. v. Kuss Corp.* (1984), 17 Ohio App.3d 136, 138, 17 OBR 235, 237–238, 477 N.E.2d 1193, 1197, disapproving *Carroll.* Contra *B & B Heating & Air Conditioning Co., Inc. v. Horvath* (Nov. 20, 1992), Lake App. No. 92–L–031, unreported, 1992 WL 339078, at *2, citing *Carroll; Carroll v. Lucas* (1974), 39 Ohio Misc. 5, 6, 67 O.O.2d 104, 104, 313 N.E.2d 864, 866 (stating that "[t]here being no reply to plaintiffs' request for admission of genuineness, the court deems that there are no 'written admissions,' as permitted by Civil Rule 56[C]"). Thus, a court should carefully consider the circumstances before denying a request to amend an admission.

In determining whether to allow defense counsel to amend in this case, a review of a couple of relevant cases should prove helpful. In *French v. Dwiggins* (1984), 9 Ohio St.3d 32, 37, 9 OBR 123, 127, 458 N.E.2d 827, 832, the Supreme Court considered whether a failure to answer a request for admission until the date of trial conclusively established the amount of damages as those listed in the

request. There was no time limit stated on the request and the defendant objected to the request on this basis at trial. The trial judge ruled that the question of the amount of damages should not be deemed conclusively admitted and submitted the issue to the jury. The Ohio Supreme Court upheld this decision and stated that the plaintiff had not demonstrated that submission of the amount of damages to the jury would prejudice her ability to maintain her action.

In *Aetna Cas. & Sur. Co. v. Roland* (1988), 47 Ohio App.3d 93, 95, 547 N.E.2d 379, 382, the trial court granted the plaintiff insurance company's motion for declaratory judgment that the defendant had no insurance coverage. In order to qualify for coverage for his airplane, the defendant insured was required to obtain ten hours of dual flight instruction with a certified flight instructor. The insurer sent certain requests for admission to the defendant that defined " 'dual instruction' as the operation of an aircraft with a certified flight instructor on board, which flight must be logged in a pilot flight log." *Id.* The defendant did not timely respond to these requests for admission and, thus, the insurer argued that the requests for admission were deemed admitted pursuant to Civ.R. 36(A). The insurer averred that there was no dispute that the defendant had not complied with the ten-hour requirement for coverage.

The court of appeals noted that the defendant did answer the requests, although the answers were late; they were filed "approximately fifty days prior to the scheduled trial date, three months prior to [the insurer's] motion for summary judgment and approximately nine months prior to the trial court's rendition of judgment in [the insurer's] favor." *Id.* Because they were filed late, the trial court refused to consider the defendant's answers in its ruling on plaintiff's motion for summary judgment. The court of appeals held that this was error for three reasons. First, the presentation of the merits would be furthered by allowing the defendant to have filed his late responses. Second, in the responses the defendant denied the substance of the requested admissions; this went to the heart of the insurer's claims. Finally, the insurer failed to adduce any evidence that it would have been prejudiced by allowing the defendant to file his answers late. Thus, the court of appeals held that the defendant's late answers to the insurer's request for admissions should have been considered by the trial judge. *Id.*, 47 Ohio App.3d at 95, 547 N.E.2d at 382–383.

From a review of these two cases, and the others cited herein, it seems that defense counsel's motion in the case *sub judice* should be granted. It deserves noting that although a significant amount of time has passed since the time defense counsel should have submitted his answers, this fact is not dispositive. Defense counsel did not refuse to answer the request for admissions out of

any ill will or spite; he merely forgot. While it is not a wise practice to forget about discovery requests, it appears that plaintiff's counsel likewise forgot about the request. It is unlikely that the plaintiff would be prejudiced by allowing defendant to amend its answer to Admission No. 31, since it did not even realize that the answer had been deemed admitted until November. Indeed, based on the facts before this court, any argument grounded on detrimental reliance or prejudice appears improbable. Moreover, it appears that plaintiff's counsel stated that he would have reminded defense counsel about the request earlier had it occurred to him. Further, and most important, refusing to allow defense counsel to amend would be seriously detrimental to defendant's case. See, *e.g.*, *Moore v. Graham* (July 6, 1983), Ross App. No. 989, unreported, 1983 WL 3223, at *1–2 (stating that the party should have been allowed to amend answers to "deny" where the matters deemed admitted were important to the resolution of the case).

The request for admission at issue in this case stated: "The services in the bills attached hereto as Exhibit H were necessary to treat the injuries which Plaintiff Sarah Tucker sustained on November 28, 1993." Following the rationale of the well-reasoned cases cited herein, this court finds that the amendment should be allowed because this question goes to the heart of the matter and because the presentation of the merits would be furthered by allowing the amendment.[3]

For the foregoing reasons, defendant Allstate Insurance Company's motion to amend its answer to Admission No. 31 is hereby granted.

*Motion granted.*

---

3. In defense counsel's memorandum of law supporting his motion, he acknowledges that "Admission No. 31 cuts to the key issue of the entire case, *i.e.*, whether the medical treatments obtained by plaintiff were reasonable or necessary. Therefore, to deem this item as 'admitted' would be to subserve defendant's ability to present its case on the merits."