DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants Grace and Leslie Moore have appealed from a judgment of the Cuyahoga Falls Municipal Court that granted summary judgment in favor of Appellee National City Bank, N.E. ("National City"), on its claims on a promissory note signed by the Moores. This Court affirms.
 I.
On July 30, 1997, Leslie Moore financed the purchase of a 1991 Ford Explorer through National City. Leslie Moore signed a promissory note and her mother, Grace Moore, co-signed the note. The circumstances surrounding the Moores' default are not in the record. It is undisputed, however, that the Moores defaulted on the loan and the Explorer was returned to the dealer. National City brought this action against the Moores for the balance due on the note plus interest. Following notification of the Moores, the Explorer was sold at public auction for much less than the balance due on the note.
On March 23, 1998, National City served discovery requests, including requests for admissions, on each of the Moores. On April 28, 1998, the trial court granted the Moores an extension until May 28, 1998 to file their responses. On October 13, 1998, because the Moores had not responded to the requests, National City filed a motion to compel discovery. On October 14, 1998, the trial court ordered the Moores to respond to the requests for admissions by October 30, 1998. On November 13, 1998, Grace Moore served her responses to the requests for admission. Leslie Moore still had not responded.
On December 23, 1998, National City moved the trial court: (1) to deem the requests for admission served upon Leslie Moore admitted because she had failed to respond and (2) for summary judgment against both Grace and Leslie Moore. It attached evidence to support both motions.
On January 5, 1999, Leslie Moore filed her responses to National City's requests for admissions. On January 7, 1999, the Moores moved for, but were not granted, leave to file a third party complaint against the car dealer that sold Leslie the Explorer and to file a counterclaim against National City. The same day, the Moores filed their brief in opposition to summary judgment. They supported their opposition with evidence that included affidavits of Grace and Leslie Moore and Leslie Moore's responses to National City's requests for admissions.
On January 8, 1999, the trial court deemed admitted the matters in the requests for admissions served on Leslie Moore and it refused to consider any of the evidence she submitted to contradict those default admissions. The trial court granted summary judgment in favor of National City on its claims against Grace and Leslie Moore. The Moores appeal and raise four assignments of error, which will be rearranged for ease of discussion.
 II.
The Moores' second assignment of error is that the trial court erred in refusing to consider evidence submitted by Leslie Moore to support her brief in opposition to summary judgment. The evidence consisted of the affidavits of herself and her mother and responses to the requests for admission that she had failed to answer prior to that time. The trial court refused to consider this evidence because the matters had been conclusively established pursuant to Civ.R. 36.
Civ.R. 36(A) provides in part:
 Request for admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * *
 * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.] * * *
 National City served requests for admissions on both Grace and Leslie Moore on March 23, 1998. On April 28, 1998, the trial court granted the Moores until May 28, 1998 to serve National City with their responses. Neither of the Moores responded by that date. Consequently, the matters in the requests for admission served on both Grace and Leslie Moore were admitted, by operation of the rule.
By the explicit terms of Civ.R. 36(A), a party's failure to timely respond to requests for admission results in default admissions. It is unnecessary for the trial court to "deem" them so admitted. When a party fails to timely respond to the requests for admissions, "the admissions [become] facts of record which the court must recognize." Cleveland Trust Co. v. Willis (1985),20 Ohio St.3d 66, 67, certiorari denied (1986), 478 U.S. 1005,92 L.Ed.2d 710. From a practical standpoint, however, a party will typically move the trial court to "deem" matters admitted to bring the issue to the trial court's attention and to make the default admissions, which may not have been filed previously with the court, part of the trial court record. See Id.
Although, pursuant to Civ.R. 36, National City could have raised the issue of the default admissions of both Grace and Leslie at the end of May 1998, it did not do so. Instead, on October 13, 1998, National City sought to compel discovery pursuant to Civ.R. 37. Although such action was not necessary under Civ.R. 36, it did serve to preserve the record for this Court's review.
The record reveals that Grace and Leslie Moore failed to timely respond to the requests for admissions, which resulted in default admissions by both of them. The only way that either Grace or Leslie could avoid the effect of default admissions was for the trial court to grant them leave to withdraw them. Civ.R. 36(B) provides, in part, that "[a]ny matter admitted under this rule is conclusively established unless the court on motionpermits withdrawal or amendment of the admission." (Emphasis added.) The trial court's decision to grant or deny a request for withdrawal of an admission rests within its discretion. Balson v.Dodds (1980), 62 Ohio St.2d 287, paragraph two of the syllabus. "Under compelling circumstances, the court may allow untimely replies to avoid the admissions." Cleveland Trust Co,20 Ohio St. 3d at 67.
The Moores did not formally move the trial court to allow withdrawal of the default admissions of Grace or Leslie Moore. As to Grace Moore's default admissions, it does not appear that the parties or the trial court took any action to withdraw her admissions. The record reflects that Grace Moore served untimely responses on National City, but she did not file them with the trial court, move the court to allow withdrawal of her default admissions, or offer any explanation to the trial court for her untimely response. The trial court's journal entries are silent on this issue. Given that the trial court did not address the issue, either explicitly or implicitly, this Court must presume that it did not find compelling reasons for Grace's untimely responses and did not permit her to withdraw her default admissions.
In response to National City's motions for summary judgment and to deem the matters admitted by Leslie, the Moores submitted Leslie's responses to the requests and offered an explanation for her failure to respond earlier. They asserted that the original requests had been served on their attorney who had not realized that there were two separate sets of requests for admission, one for Grace and one for Leslie. The attorney's mistaken belief that there was only one set of sets of requests for admission, which appears to have been due to no one's fault but his own, is not a compelling justification for Leslie Moore's untimely response.
Moreover, the attorney's alleged mistake accounted for only a small portion of the delay. Leslie Moore offered no explanation for why Grace Moore's responses were untimely by almost six months. If Grace Moore's responses had been served in a timely manner, the attorney would have discovered his mistake months earlier. This Court cannot find that the trial court abused its discretion by refusing to allow withdrawal of Leslie Moore's default admissions.
The trial court did not err, therefore, by refusing to allow Leslie Moore to submit her untimely answers to the requests for admission. The other evidence she attempted to submit, documentary evidence and affidavit testimony of herself and her mother, were of no use to the trial court as the evidence contradicted matters that had already been conclusively established. See Equitable Life Assur. Soc. v. Kuss Corp. (1984),17 Ohio App.3d 136, 140. The second assignment of error is overruled.
The Moores' first and third assignments of error are that the trial court erred in granting summary judgment to National City on its claims against both Grace and Leslie Moore. In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. Perkins v.Lavin (1994), 98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) [N]o genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. "Doubts must be resolved in favor of the nonmoving party." Hortonv. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686, quotingDavis v. Loopco Industries, Inc. (1993), 66 Ohio St.3d 64, 66.
A party seeking summary judgment must not only state the specific basis for its motion, but it must also point to portions of the record that demonstrate its argument. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 296. It must support its argument with "some evidence of the type listed in Civ.R. 56(C)." Id. at 293. If the moving party fails to satisfy this initial burden, the motion for summary judgment must be denied. Id.
National City moved for summary judgment on its claim against Leslie Moore, relying on evidence that included Leslie Moore's default admissions, the promissory note, and the affidavit of a National City recovery specialist. Leslie Moore's unanswered requests for admission rendered the matters requested conclusively established for the purpose of the suit, Civ.R. 36(B); ClevelandTrust Co., supra, and could support a motion for summary judgment as written admissions under Civ.R. 56(C). See T S Lumber Co. v.Alta Constr. Co. (1984), 19 Ohio App.3d 241, 244.
Leslie Moore's default admissions conclusively established that Leslie Moore: signed the promissory note at issue, purchased the Explorer with the proceeds, defaulted on the note, owed the balance due in the amount set forth in National City's complaint, and that she received notice that the Explorer would be sold at public auction. Thus, there could be no dispute raised on any of these facts. National City's evidence, through the affidavit of its recovery specialist, further established that the Explorer was sold at public auction for far less than the balance due on the note. This evidence was sufficient to meet National City's burden under Dresher. Although the burden shifted to Leslie Moore to demonstrate that there was a genuine issue of material fact, the material facts had been conclusively established through her default admissions. Therefore, summary judgment in favor of National City on its claim against Leslie Moore was appropriate.
National City's motion for summary judgment on its claim against Grace Moore was supported by similar evidence. Although there were default admissions of Grace Moore in the record, National City did not attempt to support its motion for summary judgment with that evidence. Instead, it submitted Grace's responses to the requests for admissions, a document that also included answers to interrogatories. National City also relied on other evidence including the promissory note and the affidavit of the recovery specialist. Although this evidence did not conclusively establish any facts, it was sufficient to constitute "some evidence" of the following facts: that Grace Moore also signed the promissory note at issue, that the proceeds were used to purchase the 1991 Ford Explorer, that she failed to make payments on the note, that the Explorer was sold at public auction, and that a substantial balance was still due on the note after applying the proceeds from the disposition of the collateral.
Grace Moore opposed summary judgment, attempting to demonstrate a genuine issue of material fact. Although she submitted her own affidavit testimony, the only facts she attempted to dispute were not material to National City's claim against her. For example, Grace Moore attested that her name was not typed on the note when she signed it and she asserted that she never received a copy of the note or title to the vehicle. The placement of her typed name on the document or whether she possessed a copy of the note were without any legal significance, however. Because Grace Moore failed to raise a genuine issue of material fact, summary judgment for National City on its claim against Grace Moore was proper. The Moores' first and third assignments of error are overruled.
The fourth assignment of error is that the trial court erred in failing to grant them leave to file a counterclaim against National City and a third-party complaint against the car dealer that sold the Ford Explorer to Leslie Moore. Whether to grant a party leave to file a third-party complaint or a counterclaim is solely within the discretion of the trial court and will not be disturbed on appeal unless the ruling was an abuse of discretion.National City Bank v. Fleming (1981), 2 Ohio App.3d 50, 54;Seacrist v. The Cincinnati Ins. Co. (June 30, 1994), Lake App. No. 93-L-066, unreported, 1994 Ohio App. LEXIS 2901. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
The Moores did not attempt to raise these additional claims until January 7, 1999. It had been nearly ten months since the Moores filed their answer, National City had filed its motion for summary judgment, and trial was set for January 12. To justify their request to file new claims at such a late date, the Moores asserted, without explanation, that they had not realized until that time that they had claims to raise against these parties.
On appeal, the Moores have asserted a more detailed explanation for their delay in seeking leave to add new parties. As this explanation was not before the trial court, however, the Moores have failed to convince this Court that the trial court abused its discretion in denying them leave. Moreover, even if this explanation had been raised below, the trial court would not have acted unreasonably in rejecting it. The Moores have asserted that they did not realize that they had claims against these parties until the Ohio Supreme Court "established a new cause of action" in Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464.Williams did not establish a new cause of action, however; it dealt with the tort of civil conspiracy, which has been recognized in Ohio for decades. See id. at 475. Because the Moores have failed to demonstrate that the trial court abused its discretion by failing to allow them to file new claims at the eleventh hour, their fourth assignment of error is overruled.
 III
The Moores' assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE FOR THE COURT
SLABY, P.J., BATCHELDER, J., CONCUR