St. Paul Fire & Marine Ins. Co., Appellee, *v*. Battle,
Appellant.

[Cite as St. Paul Fire & Marine Ins. Co. v.
Battle (1975), 44 Ohio App. 2d 261.]

(No. 33479—Decided April 17, 1975.)

*Mr. J. R. Swift,* for appellee.
*Mr. William H. Huber,* for appellant.

KRENZLER, C. J. On January 25, 1971, the plaintiff appellee filed a complaint in the Municipal Court of Cleveland alleging that the defendant appellant, Irving Battle, negligently operated an automobile into another automobile owned by Mid-America Associates, Inc. on Chester Avenue near E. 55th Street in the City of Cleveland; and that directly and proximately as a result of the negligence the second automobile was damaged in the amount of $1,367.35. The appellee further alleged that it paid to the credit of Mid-America Associates, Inc. $1,267.35,[1] taking an assignment of and becoming subrogated to the rights and causes of action of Mid-America Associates, Inc. against the appellant to the extent of said payment. The appellee prayed for a judgment in the amount of $1,267.35.

The appellant not having answered and upon application of the appellee, the matter was referred to a referee for the taking of proof and the assessment of damages; the referee found after hearing the evidence that there was due the appellee the sum of $1,267.35. On April 2, 1971 the trial court approved and confirmed the referee's report and rendered a default judgment for the appellee in that amount.

Subsquently, on February 9, 1972, the appellant filed a motion for relief from the default judgment and sought leave to file an answer and to defend the action, contending that he did not receive a notice of summons and the complaint filed by the appellee on January 25, 1971. The appellant contended that he was entitled to his day in court. The trial court vacated the default judgment on March 28, 1972.

On March 29, 1972 the appellant filed an answer admitting that the collision did occur at the intersection of E. 55th Street and Chester Avenue and denying the balance of the allegations. On March 9, 1973 the appellee propounded

---

[1]The policy provided for $100 deductible.

interrogatories to the appellant and soon thereafter the appellant filed answers to them. Additionally, on August 8, 1973, the appellee filed requests for admission pursuant to Civil Rule 36. On August 29, 1973, the appellant filed answers and objections to the requests. For the sake of clarity, both the appellees' requests and the answers and objections interposed by the appellant are reproduced in toto:

1. Plaintiff St. Paul Fire & Marine Insurance Company is a corporation authorized to do business in the State of Ohio.

ANSWER. Admitted

2. At all times mentioned in plaintiff's Complaint, Mid-America Associates, Inc. owned a 1970 Oldsmobile automobile which is the same automobile referred to in Paragraph 1 of plaintiff's Complaint as belonging to Mid-America Associates, Inc.

ANSWER Objection. Defendant's attorney has made a reasonable inquiry at Cuyahoga County Auto Title Department and is unable to find a title listed to Mid-America Associates, Inc. for a 1970 Oldsmobile automobile. In addition, plaintiff's attorney has not provided a Xerox copy of any such title attached hereto as an exhibit.

3. At all times mentioned in plaintiff's Complaint, plaintiff insured said 1970 Oldsmobile automobile referred to in Request No. 2 under a policy of insurance against loss and damage to the same.

ANSWER Objection. Defendant's attorney has not been supplied with a copy of a policy of insurance which is referred to in the request for admissions.

4. On or about January 12, 1970, said 1970 Oldsmobile referred to in Request No. 2 collided with an automobile driven by Irving Battle.

ANSWER Admitted

5. The said 1970 Oldsmobile automobile referred to in Request No. 2 was damaged as a result of the collision referred to in Request No. 4.

ANSWER Admitted

6. Exhibit "A" attached hereto is a true and correct copy of an estimate of repairs prepared by Dealers and

Underwriters Body Rebuilders, Inc. for the said damage referred to in Request No. 5.

ANSWER Admitted

7. The reasonable cost of repair of the said damage referred to in Request No. 5 was $1,267.35.

ANSWER Admitted

8. Plaintiff paid to Mid-America Associates, Inc. the sum of $1,167.35, pursuant to the policy of insurance referred to in Request No. 3 as a result of the said damage referred to in Request No. 5.

ANSWER Objection. Reference is made to a policy of insurance. See answer to Request No. 3.

9. Plaintiff has received from Mid-America Associates, Inc. a written assignment of, and has become subrogated to, any and all rights and claims for relief of Mid-America Associates, Inc. against the defendant to the extent of said payment.

ANSWER Objection. See answer to Request No. 3.

10. Exhibit "B" attached hereto is a true and correct copy of the written assignment which is referred to in Request No. 9.

ANSWER Objection. See answer to Request No. 3 and answer to Request No. 9.

The case was tried to the court on December 3, 1973. Samuel McBurney Wardwell testified for the appellee. He stated that on the day of the accident he was driving the 1970 Oldsmobile owned by Mid-America and insured by the appellee. He testified that he had a green light and had already entered the intersection when he was struck by the appellant, Battle's, automobile.

The appellee argued that under Ohio law Mr. Wardwell had the right of way, that the appellant negligently refused to yield that right of way, and that such action on his part proximately caused the ensuing accident.

Damages were stipulated by both parties to be $1,-167.35.

Further, in order to prevail at trial, the appellee had to prove subrogation. The appellee sought to make its proof on this issue in two ways. Firstly, it moved that pursuant to

Civil Rule 36, the objection to request for admission number nine should be held invalid and that the subject matter of such request be deemed admitted as evidence of subrogation. The trial court granted the motion. Secondly, the appellee offered into evidence Exhibit A, which was a subrogation receipt verifying assignment to the appellee of Mid-America's rights and claims. The exhibit was subsequently admitted over the appellant's objection.

The trial court found for the appellee, rendering judgment on January 22, 1974 in the amount of $1,267.35, plus costs. On January 29, 1974, the appellant made a timely request that the trial court make and file separate findings of fact and conclusions of law. The trial court did not comply with the request. The appellant filed a notice of appeal on February 21, 1974, and presents four assignments of error:

I. The trial court erred in granting judgment and journalizing same before requests for separate findings of fact and conclusions of law were filed.

. II. The trial court erred in its decision to admit as evidence plaintiff's Exhibit A.

III. The trial court erred in failing to sustain the motion to dismiss at the conclusion of plaintiff's case.

IV. The trial court erred in granting judgment for $1,267.35.

The first assignment of error is well taken. When questions of fact are tried by the court without a jury, one of the parties in writing or orally in open court may timely request that the trial court state in writing the conclusions of fact found separately from the conclusions of law. Civil Rule 52. The appellant contends that it is mandatory that the trial court comply with such a timely request. On the other hand, the appellee argues that it is discretionary with the trial court whether to make findings of fact and conclusions of law, and that unless the trial court's failure to make findings is prejudicial it is not reversible error, citing *Bauer* v. *Cleveland Railway Co.* (1943), 141 Ohio St. 197, as authority for its position.

The provisions of Civil Rule 52, formerly R. C. 2315.-22 confer a substantial right and are mandatory, and where

questions of fact are tried by the court without the intervention of a jury, and one of the parties, with a view toward excepting to the court's decision, requests a separate written statement as to the findings of fact and conclusions of law, it is the mandatory duty of the court to make such findings of fact and conclusions of law. This is not a matter within the trial court's discretion. *Cleveland Produce Co.* v. *Dennert* (1922), 104 Ohio St. 149.

Findings of fact and conclusions of law are required because, among other reasons, in cases tried without a jury, testimony is frequently admitted over the objection of opposing counsel and it is often impossible to know whether the testimony, if it was incompetent, was considered by the trial court in making its decision. Further, when a judgment is rendered in general terms a reviewing court is not sure whether the case was decided in reliance upon relevant and competent evidence or upon wrongly admitted evidence, or upon the erroneous application of legal principles.

*Bauer* v. *Cleveland Railway Co., supra* is not applicable in the present case and can be distinguished because in *Bauer* the trial court directed a verdict for the defendant and the Ohio Supreme Court said that the right to require a court to comply with a request for findings of fact and conclusions of law is limited to cases where questions of fact are tried by the court. A court is not required to make findings of fact where the evidence is undisputed, and therefore when the trial court in *Bauer* directed a verdict for the defendant at the close of the plaintiff's case in chief it was not required to comply with the plaintiff's request for findings and conclusions. Only when a reviewing court can determine, without weighing the evidence, that the appellant has not been prejudiced can it conclude that failure of the trial court to make findings of fact and conclusions of law was harmless error. *Cleveland Produce Co.* v. *Dennert, supra.* See also *Levick* v. *Bonnel* (1940), 137 Ohio St. 453; *Orlow* v. *Vilas* (1971), 28 Ohio App. 2d 57; *Naso* v. *Daniels* (1964), 8 Ohio App. 2d 42, at 50.

In all other cases, when a trial court sits without a

jury, the failure to make findings of fact and conclusions of law that are timely requested by the losing party constitutes prejudicial error. *Orlow* v. *Vilas, supra.*

In this case the trial court erred in failing to comply with the appellant's request to file findings of fact and conclusions of law.

The second assignment of error deals with the admission by the trial court of plaintiff's Exhibit A.[2]

We hold that it was error to admit appellee's Exhibit A because no proper foundation was laid for the introduction of this exhibit. Mr. Wardwell's testimony was not sufficient to establish the authenticity of the document. If however the trial court was correct in ruling under Civil Rule 36 that the objection to request for admission number nine was invalid and that the subject matter of such request should have been admitted as evidence of subrogation, then the admission of Exhibit A merely provided cumulative evidence of subrogation and consequently any error in its admission was harmless error. We hold that, for reasons stated in the following discussion, the admission of Exhibit A was harmless error.

As previously noted, the appellee filed requests for admission pursuant to Civil Rule 36 in regard to the issues of damages and subrogation. The appellant objected to requests for admission (3), (8), (9) and (10). At trial the appellee argued that the objection to request number (9) should be held invalid and that the subject matter of such request be deemed admitted as evidence of subrogation.

The appellee contends that Civil Rule 36 requires the appellant to do more than merely object to a request for admission and that his failure to specifically deny the matter or set forth in detail reasons why he as the responding party cannot truthfully admit or deny the matter amounts to an admission. In other words, the appellee contends on appeal that since the appellant did not comply with Civil Rule 36 he admitted the substance of request number (9). Since the answer was unresponsive, the appellee argues that

---

[2]As previously stated, Exhibit A was the written subrogation agreement.

the Rule dictates that the subject matter of the request should be deemed as admitted and that the trial court acted correctly upon appellee's motion when it ruled that the aforementioned objection was invalid and that the subject matter of the request was in fact an admission.

The appellant contends initially that unless there was subrogation the appellee was not a proper party and that therefore the appellee was obliged to prove at trial that there was some type of agreement to this effect between itself and Mid-America Associates, Inc. The appellant argues on appeal that his replies to the requests for admission were fully responsive and also that there was no direct evidence introduced by the appellee of payment by him to Mid-America Associates, Inc. which would allow for subrogation. The appellant further contends that he made no admissions which could have been used as evidence to prove payment and subrogation in lieu of direct evidence as to these issues.

At the outset of our discussion of Civil Rule 36, we note that the purpose of that rule, consistent with the purpose of the Civil Rules in general, is to simplify trial procedure and facilitate a speedy resolution of lawsuits. Specifically, Civil Rule 36 provides a mechanism by which potentially disputed issues may be expeditiously resolved before trial, thereby expediting proof of these issues at trial.

Pursuant to Civil Rule 36, when requests for admission are made the matters are admitted unless the party to whom the requests are directed serves upon the party requesting the admissions written answers or objections. Thus, an answer or an objection is required under Civil Rule 36. If no answer or objection is filed the matter is admitted. Further, a general objection also amounts to an admission. For an objection to be valid reasons must be stated, otherwise the matter is admitted.

An answer may admit or deny the request for admission. Naturally, if there is a direct admission the matter is resolved and proof at trial is expedited. However, if the answer is in the form of a denial, it shall be specific and meet the substance of the requested admission. A general denial is not sufficient and results in an admission.

If the responding party cannot truthfully admit or deny the matter, he shall set forth in detail in his answer the reasons why he cannot truthfully admit or deny. Failure to comply with this requirement will result in an admission.

A responding party may not give lack of information or knowledge as a reason for failing to admit or deny unless he states in his answer that he has made reasonable inquiry, and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.

In addition to employing the foregoing language of the Rule, when citing lack of information or knowledge, the responding party must specifically describe in written detail the actual efforts that he has made which constitute such an alleged reasonable inquiry, and further, he must state why the information known or readily obtainable by him, despite his reasonable inquiry, is insufficient to enable him to admit or deny. The responding party may not merely rest upon a perfunctory recitation of the rule's language. Failure to incorporate in the response the language mandated by Civil Rule 36 and failure to detail in writing both the actual effort made and the reasons why the known information is insufficient to enable the responding party to admit or deny will result in an admission.

If the party who requested the admissions is not satisfied with the answers or objections he receives, he may move for an order with respect to these answers or objections. He may seek an order that the matters be deemed admitted, or he may request that amended answers be served. If the objection filed by the other party is justified, the trial court will not require a further answer, but if the objection is unjustified the court shall order that an answer be served. If the court determines that an answer does not comply with the requirements of Civil Rule 36, it may order that the matter is admitted, or that an amended answer be served. Civil Rule 36 places upon both the requesting party and the responding party certain obligations which if not diligently met may result in adverse consequences.

As mentioned above, the party who has requested the

admissions may move for an order with respect to the answers or objections. On the other hand, he may choose not to seek an order clarifying the responses, preferring rather to rely on the legal significance of the replies as they stand. However, in doing so, he takes a calculated risk that the trial court may rule that the answers or objections are validly stated and thus do not constitute admissions.

Looking briefly to the obligations of the responding party, we note that his failure to respond at all to requests for admission will result in the requests becoming admissions against him; that his response in the form of a general objection or a general denial will also result in admissions against him; and that a response citing lack of information or knowledge as a reason for failure to admit or deny will result in an admission against him unless, in addition, he both states and demonstrates in writing that he has made reasonable inquiry and unless he both states and demonstrates in writing why the information known or readily obtainable by him as a result of his reasonable inquiry is insufficient to enable him to admit or deny.

Conversely, if the responding party wishes to avoid an admission he must state the reasons for his objection, or the reasons for his denial, or state in detail the reasons why he cannot truthfully admit or deny, or state and demonstrate in writing that he has made reasonable inquiry and that the information known or readily obtainable by him is sufficient to enable him to admit or deny before giving lack of information or knowledge as a reason for failure to admit or deny.

In the present case the appellee filed a request for ten admissions. Requests (1), (4), (5), (6) and (7) were admitted. These answers in substance admitted that the appellee, St. Paul Fire and Marine Insurance Co. is a corporation authorized to do business in the State of Ohio; that on January 12, 1970, the 1970 Oldsmobile collided with an automobile driven by Irving Battle; that such automobile was damaged as a result of the collision; and that the reasonable cost of the repair of damage was $1,267.35.

Requests for admission (3), (8), (9) and (10) were

objected to for the stated reason that the appellant's attorney had not been supplied with a copy of the policy of insurance referred to in the requests for admission. The appellee, as moving party, did not seek an order of the court with respect to these objections. The case went to trial with the appellee assuming that the objections were in such a form as to constitute admissions. The appellant, on the other hand, considered that his objections were proper and that they therefore did not constitute admissions. He still believed that appellee's payment to Mid-America and consequent subrogation were issues which still required traditional proof at trial.

As previously stated, at commencement of trial the appellee orally requested the court to declare the appellant's objection to request number nine invalid, pursuant to Civil Rule 36, and to order the subject matter of such request admitted. The trial court granted the motion, as a result of which the appellee was spared the task of proving subrogation at trial. We are thus called upon to determine whether the trial court was correct in ruling that appellant's objection to request number nine was invalid and that the matter therein contained was in fact admitted.

In order for the appellee to prevail in this case, it had to prove that it was the insurer of Mid-America Associates, Inc.'s 1970 Oldsmobile automobile; that said automobile was damaged in an accident with the appellant, Irving Battle; that Mr. Battle was liable for this damage; that the reasonable cost of repair was $1,267.35; that the appellee paid $1,167.35 pursuant to the policy of insurance to Mid-America Associates, Inc.; and that the appellee had obtained a written assignment of Mid-America's claim, thereby becoming subrogated to any and all rights and claims for relief that Mid-America Associates had against the appellant to the extent of the payment.

Of the aforementioned necessary elements which had to be proved, only proof of subrogation is now in dispute. If the response to the request for admission number nine was properly deemed to be an admission, then, the appellee having introduced it into evidence, has made his case. If,

however, the objection to the requests was valid and there was therefore no admission on the subject of subrogation, the appellee had to prove it by independent evidence at trial, and having failed to do so in this case, he cannot prevail.

The movant-appellee made requests for admission and the appellant objected to a number of these requests, his stated reason being that the appellee had not supplied him with a copy of the insurance policy. Although the appellant styled his responses as "objections," under Rule 36 they were not in fact objections. A true objection challenges the validity or propriety of a particular request for admission. The party objecting is in effect stating that the request does not require an answer. Requests for admission (3), (8), (9) and (10) were proper requests and were relevant to the issues in the case. They required either an admission or denial on the part of the appellant. If the appellant lacked the information or knowledge necessary to admit or deny these requests it was incumbent upon him to state that he had made reasonable inquiry and that the information known or readily obtainable by him was insufficient to enable him to admit or deny. It was also incumbent upon him in his response to the requests to describe in written detail the actual efforts that he had made which he believed constituted such an alleged reasonable inquiry, and further, to demonstrate why the information gathered as a result of this inquiry was insufficient to enable him to admit or deny. Although the appellant objected to the request, his stated reason, that he had not been supplied with a copy of the insurance policy, was in fact a denial for lack of information or knowledge. Civil Rule 36 clearly requires that when such a denial is made the responding party must also state that he has made reasonable inquiry and that the information known or readily obtainable by him was insufficient to enable him to admit or deny. The appellant in this case did not phrase his response in these terms, and further, he has in no way demonstrated in the record that he did in fact make a reasonable inquiry as required by the rule, and consequently he did not file either a proper objection or

denial in compliance with Civil Rule 36. Therefore, the trial court was correct in holding that his response to request number (9) was an admission. Consequently, there was the necessary evidence of subrogation already in the record.

We hold that the third assignment of error is without merit. A careful reading of the transcript of testimony and a consideration of the matters admitted under Civil Rule 36 clearly establish that the appellee presented a prima facie case. The trial court did not err in overruling the appellant's motion to dismiss at the close of the plaintiff appellee's case.

The fourth assignment of error, that the trial court erred in granting judgment for $1,267.35, was well taken because it was stipulated by the parties that the prayer in the complaint should be $1,167.35.

Based on the foregoing discussion and because the first assignment is well taken the judgment is reversed and vacated and the case remanded to the trial court with instructions to make findings of fact and conclusions of law and enter judgment consistent with its findings of fact and conclusions of law.

*Judgment reversed.*

JACKSON and DAY, JJ., concur.