**BLACKWELL**

v.

**PATTEN.**

Court of Common Pleas of Ohio,
Lucas County.

No. CI00–5364.

Decided May 7, 2001.

Ellihue Blackwell, pro se.

Martin E. Goff, for defendants.

JUDITH ANN LANZINGER, Judge.

I

{¶ 1} Plaintiff, Ellihue Blackwell, alleges that while incarcerated at the Lucas County Corrections Center on September 22, 2000, he was negligently served a meal that contained a grasshopper. He ate half of it. As a result, he has filed suit against Carlos Patten, Food Services Manager of the Lucas County Corrections Center; Cynthia Dean, Inmate Services Supervisor of the Lucas County Corrections Center; Kenneth Perry, Acting Supervisor of the Lucas County Corrections Center; Richard Keller, Corrections Administrator of the Lucas County Corrections Center; and Lucas County itself. The complaint contends

that defendants were negligent in failing to provide him with an insect-free meal; failing to implement a system of quality control; failing to comply with the Lucas County Corrections Center's grievance procedure; failing to properly investigate; failing to respond to plaintiff's complaint and failing to provide him with a mental health specialist.

{¶ 2} Defendants in this case have filed separate motions. After due consideration of the parties' briefs and supporting materials, the court grants defendants' motion for judgment on the pleadings as well as defendants' motion for summary judgment.

## II

{¶ 3} The general rules governing motions for judgment on the pleadings pursuant to Civ.R. 12(C) are well established. The pleadings must be construed in a light most favorable to the nonmoving party and every reasonable inference must be made. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113; *Burnside v. Leimbach* (1991), 71 Ohio App.3d 399, 594 N.E.2d 60. In ruling on such a motion, the court must consider the pleadings liberally. See *Case W. Res. Univ. v. Friedman* (1986), 33 Ohio App.3d 347, 348, 515 N.E.2d 1004. No evidentiary materials are to be considered.

{¶ 4} To dismiss a complaint for failure to state a claim upon which relief may be granted under Civ.R. 12(B)(6), it must be shown "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063. In applying this standard, all factual allegations in the complaint are taken as true and all reasonable inferences are made in favor of the nonmoving party.

{¶ 5} Defendants recognize this standard and emphasize that they are entitled to judgment based upon R.C. Chapter 2744, which grants political subdivisions and their employees immunity from liability for the negligent performance of governmental functions. Under R.C. 2744.03(A)(6), an employee is immune from liability for acts or omissions made in connection with a governmental or proprietary function unless the acts and omissions were manifestly outside the scope of employment or official responsibilities; made with malicious purpose, in bad faith, or in a wanton reckless manner; or a section of the Revised Code expressly imposes liability. The maintenance of detention facilities is a governmental function. R.C. 2744.01(C)(2)(h). Plaintiff neither pled nor argues that any of the statutory exceptions under R.C. 2744.02(B) applies.

{¶ 6} More specifically, R.C. 2744.02(A)(1) provides a political subdivision with immunity from liability arising from the negligent acts or omission of

the political subdivision or its employees that are performed in connection with a governmental function. R.C. 2744.01(C)(2)(h) lists the operation of a jail or other detention facility as a governmental function. Thus, Lucas County, as named in this case, is immune from liability. Each individually named defendant, however, is an "employee" of a political subdivision. See R.C. 2744.01(B). Accordingly, under the circumstances of this case, the individually named defendants as employees of a political subdivision are also immune from liability for negligence occurring in the operation of the Lucas County Corrections Center unless, as to a particular individual:

{¶ 7} "(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

{¶ 8} "(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

{¶ 9} "(c) Liability is expressly imposed upon the employee by a section of the Revised Code." R.C. 2744.03(A)(6).

{¶ 10} R.C. 341.01 provides that the sheriff is in charge of the county jail and all persons confined therein. Pursuant to the statute, the sheriff is required to keep such persons safely and govern and regulate the jail pursuant to the minimum standards for jails in Ohio as promulgated by the Ohio Department of Rehabilitation and Correction. No evidence was offered by plaintiff upon which one could infer that any individual defendant acted outside the scope of his employment or acted with malicious purpose, in bad faith, or in a wanton or reckless manner. Further, there is no evidence in the record of this case to show that Acting Sheriff Perry had any contact with plaintiff on September 22, 2000. Therefore, there is no evidence of the fact that the Sheriff himself acted outside the scope of his employment, or acted with malicious purpose, in bad faith, or in a wanton or reckless manner toward plaintiff.

{¶ 11} As the allegations within the complaint all relate to the operation of the jail, they are governmental. The provision of food service and any grievance procedures or response to inmate complaints are integral to jail operation. As such, by the express terms of R.C. Chapter 2744, all defendants are entitled to judgment on the pleadings.

### III

{¶ 12} Turning now to the defendants' motion for summary judgment, Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated, (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party, and (3) the moving party is entitled to summary judgment

as a matter of law.  *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.

{¶ 13}  A party moving for summary judgment on the ground that the nonmoving party cannot prove its case bears the burden of delineating the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on one or more of the essential elements of the nonmoving party's claim.  *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.  If the moving party satisfies this burden, the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial.  Id. at 293, 662 N.E.2d 264.

{¶ 14}  Defendants base this motion on the fact that plaintiff did not respond to the request for admissions that stated:  "Admit there was no foreign object contained within the food you were served at the Lucas County Jail." Civ.R.36(A) [1] requires that when requests for admissions are filed by a party, the opposing party must timely respond either by objection or answer.  Failure to respond at all to the requests will result in the requests' becoming admissions. Thus, a request for admission can be used to establish a fact, even if it goes to the heart of the case.  This is in accord with the purpose of the request to admit—to resolve potentially disputed issues and thus to expedite the trial.  See *St. Paul Fire & Marine Ins. Co. v. Battle* (1975), 44 Ohio App.2d 261, 269, 73 O.O.2d 291, 337 N.E.2d 806.  Any matter admitted under Civ.R. 36 is conclusively established.

{¶ 15}  Because there are no issues as to the matter of defendants' governmental immunity under R.C. Chapter 2744, as a matter of law, under Civ.R. 56, all defendants are entitled to summary judgment on all counts of the complaint.

## JUDGMENT ENTRY

{¶ 16}  It is ordered that defendants' motions for judgment on the pleadings is granted.  It is further ordered that defendants' motions for summary judgment are granted and judgment is entered in favor of all defendants and against plaintiff on all counts of the complaint.

{¶ 17}  This is a final appealable order;  there is no just cause for delay.

Judgment for defendants.

---

1.  Civ.R. 36(A) provides:

"The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."