[Cite as *Adams v. Simonetti*, 2016-Ohio-3425.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bret Adams, | : | |
| Plaintiff-Appellant, | : | No. 15AP-719 |
| | | (C.P.C. No. 12CV-4166) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Steve Simonetti et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 14, 2016

**On brief:** *Brian K. Duncan*, for appellant. **Argued:** *Brian K. Duncan.*

**On brief:** *Mills, Mills, Fiely & Lucas, LLC, Laura L. Mills,* and *Paul Vincent*, for appellees. **Argued:** *Laura L. Mills.*

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Bret Adams, plaintiff-appellant, appeals the judgment of the Franklin County Court of Common Pleas, in which the court granted attorney fees and punitive damages/sanctions to Steve Simonetti and Douglas Burkhart, defendants-appellees.

{¶ 2} Many of the underlying facts regarding the various legal actions between the parties and/or related parties are not relevant to the current appeal. Generally, in October 2010, appellees, along with others, filed an action against appellant, who is an attorney, and others ("Case 1"). The action related to the parties' investment in the Golf Club of Dublin. One of the defendants in Case 1 was George Karl, appellant's business associate and legal client. During the course of litigation, in October 2011, appellees separately

communicated with Karl via e-mail regarding matters relating to the litigation and settlement offer.

{¶ 3} On December 20, 2011, appellant filed a complaint against appellees in Union County, Ohio, alleging appellees tortiously interfered with his contract with Karl ("present case" or "current case"). Appellees filed a counterclaim against appellant, alleging abuse of process. The present case was transferred to the Franklin County Court of Common Pleas and then consolidated with Case 1.

{¶ 4} Case 1 proceeded to a jury trial in August 2013, while the present case was scheduled to be heard by the trial court on September 23, 2013. Before the conclusion of the jury trial, the parties in Case 1 settled the matter. The trial in the present matter was then stayed after appellant filed a complaint against the trial judge and the Supreme Court of Ohio in federal court on September 20, 2013. The case against the trial judge was dismissed on September 2, 2014.

{¶ 5} On May 31, 2015, the trial court entered an order, in which it ordered that the current case would be submitted to the trial court on briefs, consistent with the agreement of the parties. On June 30, 2015, the trial court issued a judgment in which the trial court ruled in favor of appellees on their counterclaim and awarded attorney fees to appellees in the amount of $30,125 and punitive damages/sanctions in the amount of $10,000. On July 3, 2015, appellant filed a motion for findings of fact and conclusions of law, which the trial court denied on July 23, 2015. Appellant appeals the June 30, 2015 judgment of the trial court, asserting the following assignments of error:

> [I.] The Trial Court erred when it issued its June 30, 2015 Judgment Entry as this matter was properly disposed of due to the consolidation of Steven Simonetti, et al. v. Adams-Karl Investments, LLC, et al., Franklin C.P. Case No. 11CVH-2192, under the Rules of Civil Procedure, and Local Rule 31.02(E).
>
> [II.] The Trial Court erred when it issued its June 30, 2015 Judgment Entry as Appellees not only failed to meet their burden of proof with respect to their Counterclaim for abuse of process, but the same was also barred by Appellant's reliance on the advice of his then current legal counsel.
>
> [III.] The trial court erred when it issued its one page Judgment Entry on June 30, 2015, which consisted of a single paragraph; and by its failure to issue findings of fact and

conclusions of law when requested by a party in writing in accordance with Civ.R. 52.

{¶ 6} We must first address appellant's third assignment of error, as it is dispositive of this appeal. Appellant argues in his third assignment of error that the trial court erred when it failed to issue findings of fact and conclusions of law pursuant to appellant's Civ.R. 52 motion. Civ.R. 52 provides, in relevant part, as follows:

> When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law.
>
> * * *
>
> Findings of fact and conclusions of law required by this rule and by Civ.R. 41(B)(2) and Civ.R. 23(G)(3) are unnecessary upon all other motions including those pursuant to Civ.R. 12, Civ.R. 55 and Civ.R. 56.

{¶ 7} The Supreme Court of Ohio has held that when questions of fact are tried to a court without the intervention of a jury, the trial court has a mandatory duty under Civ.R. 52 to issue findings of fact and conclusions of law when a party makes a timely request. *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 377 (1994). "The purpose of [Civ.R. 52] is therefore clear: to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment." *Werden v. Crawford*, 70 Ohio St.2d 122, 124 (1982). "Generally, * * * the findings and conclusions must articulate an adequate basis upon which a party can mount a challenge to, and the appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's application of the law." *Kroeger v. Ryder*, 86 Ohio App.3d 438, 442 (6th Dist.1993).

{¶ 8} In the present case, the trial court tried questions of fact without a jury when it addressed appellees' counterclaim. Thus, the mandates of Civ.R. 52 applied, and the trial court was required to issue findings of fact and conclusions of law upon appellant's timely motion. The basis for the trial court's denial of appellant's motion for

findings of fact and conclusions of law is not clear from its July 23, 2015 decision and entry. Seemingly, the court believed that the parties' agreement to submit the matter to the court upon briefs was akin to "motion practice," and, because Civ.R. 52 does not require findings of fact and conclusions of law "on all other motions," it was not required to issue findings of fact and conclusions of law. Neither the trial court nor appellees have cited any authority for this proposition, and we find none. Appellees have also cited no other reason that would excuse the trial court from issuing findings of fact and conclusions of law after addressing appellees' counterclaim.

{¶ 9} The court in *Pekay v. Murton*, 8th Dist. No. 45409 (Sept. 29, 1983), addressed a similar situation as in the present case. In *Pekay*, the parties agreed to submit the action to the trial court only upon briefs and exhibits. The trial court issued a judgment entry, and the appellant filed a timely motion, pursuant to Civ.R. 52, for the trial court to issue findings of fact and conclusions of law. The trial court failed to do so. On appeal, the appellate court found:

> It is well established that the provisions of Civ.R. 52 confer a substantial right and are mandatory, and where questions of fact are tried by the court without the intervention of a jury, and one of the parties, with a view toward excepting to the court's decision, requests a separate written statement as to findings of fact and conclusions of law, it is the mandatory duty of the court to make such findings of fact and conclusions of law. This is not a matter within the trial court's discretion. *St. Paul Fire and Marine Ins. Co. v. Battle* (1975), 44 Ohio App.2d 261.

Therefore, the court of appeals in *Pekay* remanded the matter to the trial court to issue findings of fact and conclusions of law.

{¶ 10} As in *Pekay*, the fact that the parties in the present case agreed to have the trial court decide appellees' counterclaim upon briefs and affidavits in lieu of a trial does not excuse the trial court from the requirements of Civ.R. 52 to issue findings of fact and conclusions of law upon timely motion by appellant. There is no exception in either Civ.R. 52 or case law for causes of action submitted on briefs, and we cannot find that the election to have a counterclaim heard upon submission of briefs and affidavits renders the matter akin to a motion for purposes of the motion exception included in Civ.R. 52. We also note that the parties' agreement to the schedule and terms of the briefing, as

embodied in the trial court's May 31, 2015 order, did not mention any waiver of Civ.R. 52 or preclude any party from filing a motion for findings of fact and conclusions of law. For these reasons, we find the trial court erred when it denied appellant's motion for findings of fact and conclusions of law pursuant to Civ.R. 52, and we sustain appellant's third assignment of error. Given this disposition, appellant's first and second assignments of error are rendered moot.

{¶ 11} Accordingly, appellant's third assignment of error is sustained, his first and second assignments of error are rendered moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court to issue findings of fact and conclusions of law consistent with Civ.R. 52.

*Judgment reversed;*
*cause remanded with instructions.*

SADLER and LUPER SCHUSTER, JJ., concur.

_____