[Cite as *Young v. Dept. Rehab. & Corr.*, 2018-Ohio-2604.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Christopher Young, | : | |
| Plaintiff-Appellant, | : | No. 17AP-272 |
| | | (Ct. of Cl. No. 2016-0099) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| The State of Ohio c/o Ohio Department of Rehabilitation and Correction, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

---

### D E C I S I O N

Rendered on June 29, 2018

---

**On brief**: *Brian K. Duncan*; *Nemann Law Offices, LLC*, and *Adam Lee Nemann*; *McGeorge Legal Services, LLC*, and *Anthony McGeorge*, for appellant. **Argued**: *Anthony McGeorge*.

**On brief**: *Michael DeWine*, Attorney General, *Emily Simmons Tapocsi*, and *Howard H. Harcha, IV*, for appellee. **Argued**: *Howard H. Harcha, IV*.

---

APPEAL from the Court of Claims of Ohio

BROWN, P.J.

{¶ 1} This is an appeal by plaintiff-appellant, Christopher Young, from a judgment of the Court of Claims of Ohio granting the motion for summary judgment of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"), and denying appellant's motion for partial summary judgment.

{¶ 2} On February 9, 2016, appellant filed a complaint against ODRC, alleging he was wrongfully confined for 661 days (from November 26, 2012 until September 17, 2014) beyond the expiration of his lawful sentence. The complaint set forth a cause of action for

false imprisonment, as well as alleged civil rights claims under 42 U.S.C. 1983 for intentional and/or negligent infliction of emotional distress, negligence, malicious prosecution, and/or abuse of process.

{¶ 3} On March 10, 2016, ODRC filed a motion to dismiss the complaint for lack of subject-matter jurisdiction under Civ.R. 12(B)(1), and for failure to state a claim for relief under Civ.R. 12(B)(6). On March 23, 2016, appellant filed a memorandum contra ODRC's motion to dismiss. On April 15, 2016, the Court of Claims filed a partial entry of dismissal in which it dismissed appellant's civil rights claims under 42 U.S.C. 1983 for lack of subject-matter jurisdiction.

{¶ 4} On January 24, 2017, ODRC filed a motion for summary judgment. Also on that date, appellant filed a motion for partial summary judgment as to his claim for false imprisonment. Both parties subsequently filed responses to the respective summary judgment motions.

{¶ 5} By decision filed March 22, 2017, the Court of Claims granted summary judgment in favor of ODRC and denied appellant's motion for partial summary judgment. The decision of the Court of Claims was journalized by judgment entry filed on that same date.

{¶ 6} On appeal, appellant sets forth the following four assignments of error for this court's review:

> [I.] The Ohio Court of Claims erred when it found that Appellee-Defendant's general denials to Appellant-Plaintiff's Requests f0r Admissions were sufficient under Civ.R. 36.
>
> [II.] The Ohio Court of Claims erred when it found that the Affidavit of Attorney Brian K. Duncan was insufficient as the same was permissible under the business records exception.
>
> [III.] The Ohio Court of Claims erred when it ruled in favor of Appellee-Defendant with respect to Appellant-Plaintiff when it found that Appellee-Defendant was operating under a facially valid judgment or order as the Court of Appeals had previously determined that Appellant-Plaintiff was held past his lawful sentence.
>
> [IV.] The Ohio Court of Claims erred when it held that Appellant-Plaintiff's causes of action for negligence, intentional and negligent infliction of emotional distress, and

malicious prosecution in violation of constitutional rights under 42 U.S.C. § 1983 were based upon the decisions and result of Appellant-Plaintiff's claim for false imprisonment.

{¶ 7} In accordance with Civ.R. 56(C), "summary judgment is proper when (1) there is no genuine issue of material fact remaining to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party." *Hapgood v. Conrad,* 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, ¶ 11. In considering a trial court's ruling on summary judgment, this court reviews de novo whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Id.* at ¶ 13.

{¶ 8} Under the first assignment of error, appellant asserts the Court of Claims erred in finding ODRC's responses to certain requests for admissions to be sufficient under Civ.R. 36(A)(1). Appellant argues ODRC failed to sufficiently answer two of his seven requests for admissions; specifically, appellant contends ODRC failed to properly respond to requests for admissions Nos. 3 and 4 by answering those requests with a general denial. According to appellant, ODRC's general denials were insufficient under Civ.R. 36(A), thereby resulting in an admission.

{¶ 9} In support of his motion for partial summary judgment, appellant attached as an exhibit a copy of ODRC's responses to his requests for admissions. Appellant's requests for admissions Nos. 3 and 4, as well as the corresponding responses, state as follows:

> 3. Admit that Defendant, via its agents, representatives, and/or otherwise, wrongfully confined Plaintiff intentionally without lawful privilege and against his consent within a limited area in prison from November 26, 2012, through September 17, 2014.
>
> RESPONSE: Denied.
>
> 4. Admit that Defendant ODRC *sua sponte* ordered Plaintiff Christopher Young to serve an additional two (2) year sentence without the legal authority to do so.
>
> RESPONSE: Denied.

{¶ 10} In its summary judgment decision, the Court of Claims addressed appellant's contention that ODRC failed to comply with Civ.R. 36, holding in part:

> Here, plaintiff is seeking an admission of liability from defendant—an issue of law to be determined at trial—and relying on the assumption that defendant's general denial would be deemed admissions by this court as a matter of law to support his partial summary judgment. Furthermore, the requests for admission that plaintiff seeks does not include such statements of fact as to require a qualification of defendant's denial. Plaintiff also had the opportunity to move for an order with regard to the admissions pursuant to Civ.R. 36(A)(3), but did not. Accordingly, the court finds defendant's general denials sufficient.

(Decision at 7.)

{¶ 11} Civ.R. 36(A)(2) states in part:

> If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer, or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. * * * A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Civ.R. 37(C), deny the matter or set forth reasons why the party cannot admit or deny it.

{¶ 12} In asserting that ODRC's general denials resulted in an admission, appellant relies on *St. Paul Fire & Marine Ins. Co. v. Battle,* 44 Ohio App.2d 261, 269 (8th Dist.1975), in which the Eighth District Court of Appeals held that if an answer to a request for admission "is in the form of a denial, it shall be specific and meet the substance of the requested admission," and that "[a] general denial is not sufficient and results in an admission." We note, however, another appellate court has cautioned the statement in *St. Paul Fire* "that '[a] general denial is not sufficient and results in an admission,' must not be construed to mean that no general denial is ever sufficient. Taken in its proper context, it merely means that a general denial is insufficient '* * *

when good faith requires that a party qualify his answer, or deny only a part of the matter.' " *K. Ronald Bailey & Assoc. Co., L.P.A. v. Matesick,* 6th Dist. No. E-92-40 (June 11, 1993), fn. 1, quoting *St. Paul Fire* at 269.

{¶ 13} In general, the purpose of Civ.R. 36(A) "is to facilitate early resolution of potentially disputed issues, thereby expediting the trial." *Albrecht, Inc. v. Hambones Corp.,* 9th Dist. No. 20993, 2002-Ohio-5939, ¶ 12.

{¶ 14} In the present case, we agree with the observation of the Court of Claims that the requests for admissions essentially sought "an admission of liability from [ODRC]—an issue of law to be determined at trial—and relying on the assumption that [ODRC's] general denial would be deemed admissions * * * as a matter of law." (Decision at 7.)  We construe the Court of Claim's statement as in keeping with the principle that disputes should, in general, "be resolved on their merits, not through * * * gamesmanship." *In re Estate of Leichman,* 12th Dist. No. CA2015-07-060, 2016-Ohio-4592, ¶ 26.  Or, as alternatively stated by one of the authorities cited in *Leichman,* the purpose of requests for admissions is to "expedite trials and to eliminate the need for proof when matters are not legitimately contested," as opposed to use as "a 'gotcha' device." *St. Mary v. Superior Court*, 223 Cal.App. 4th 762, 783 (2014).

{¶ 15}  As also recognized by the Court of Claims, the decision in *St. Paul Fire* made clear that "[i]f the party who requested the admissions is not satisfied with the answers * * * he receives, he may move for an order with respect to these answers." *Id.* at 270. *See also* Civ.R. 36(A)(3) ("The party who has requested the admissions may move for an order with respect to the answers or objections.").  Here, the Court of Claims noted appellant had the opportunity to make such a motion but failed to do so.  Under the circumstances, we find no abuse of discretion by the Court of Claims with respect to its ruling as to the sufficiency of ODRC's answers to the requests for admissions.

{¶ 16}  Appellant's first assignment of error is not well-taken and is overruled.

{¶ 17}  Under the second assignment of error, appellant asserts the Court of Claims erred in finding the affidavit of his attorney to be improper.  Appellant argues the affidavit was permissible under Evid.R. 803(6), the business records exception to the hearsay rule.

{¶ 18} By way of background, in support of his motion for partial summary judgment, appellant submitted the affidavit of his counsel, Brian K. Duncan, who averred

it was part of his regular practice to keep a case file for each client and that he had "personal knowledge of the facts set forth below based upon my review of the case file, and public records."  Among other averments in his affidavit, Duncan stated that appellant was confined in prison from July 31, 2008 until September 17, 2014, and that appellee "intentionally confined [appellant] after his lawful term of confinement expired."

{¶ 19} The Court of Claims found the affidavit of appellant's counsel was not proper under Civ.R. 56(E), holding in part: "Although plaintiff's counsel states in his affidavit that he has personal knowledge of his averments, it is clear that his statements are based upon information and belief rather than personal knowledge.  Nearly all of the statements in the affidavit relay information learned through his client or refer to the admissions discussed previously."  (Decision at 8.)  The Court of Claims further noted that "by submitting his affidavit, counsel is presenting himself as a witness in this case." (Decision at 8.)

{¶ 20} Civ.R. 56(E) states in part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."  Thus, "Civ.R. 56(E) requires that affidavits supporting motions for summary judgment be made on personal knowledge." *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 26.  In this respect, "personal knowledge" has been defined as " 'knowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else said.' " *Id.,* quoting *Black's Law Dictionary* 875 (7th Ed.Rev.1999).

{¶ 21} This court has held that "Evid.R. 56(E) must be read in conjunction with Evid.R. 602, 'Lack of Personal Knowledge.' " *Fitch v. C.B. Richard Ellis, Inc.,* 10th Dist. No. 07AP-107, 2007-Ohio-4517, ¶ 4.  Evid.R. 602 states in part: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."

{¶ 22} In the present case, the record supports the Court of Claims' observation that most of the statements in the attorney's affidavit appear to concern information related by appellant to his counsel, i.e., statements involving matters within the personal

knowledge of appellant and made by his attorney on information and belief, rather than on personal knowledge. The affidavit also includes averments that contain legal conclusions, e.g., stating that ODRC "intentionally confined [appellant] after his lawful term of confinement expired." As also noted by the Court of Claims, the affidavit presents a potential witness advocate concern under Prof.Cond.R. 3.7 (which, in general, precludes an attorney from both representing a party and testifying as to a contested issue). Based on the record presented, we find no abuse of discretion by the Court of Claims in striking the affidavit of counsel for appellant.

{¶ 23} Accordingly, the second assignment of error is overruled.

{¶ 24} Under the third assignment of error, appellant contends the Court of Claims erred in finding ODRC was operating under a facially valid judgment, and in holding that appellant's stated term had not expired at the time he was granted his release on a writ of habeas corpus. Appellant challenges the finding of the Court of Claims that ODRC had the privilege to confine him until it received an entry from the Marion County Court of Common Pleas ordering his release.

{¶ 25} By way of background, in 2008, appellant entered guilty pleas in three separate cases in the Cuyahoga County Court of Common Pleas. Specifically, in Cuyahoga C.P. No. CR-07-498250-A ("case No. CR-07-498250"), appellant entered a guilty plea to one count of aggravated robbery, with two firearm specifications. On July 17, 2008, the trial court filed an entry of conviction and sentence in that case, stating in part: "The court imposes a prison sentence * * * of 4 year(s). 1 year as to firearm specification to run prior to and consecutive to 3 years on base charge of Count 1 for a total of 4 years. Sentence to run concurrent with Case CR 507594 and CR 510974." (Def.'s Mot. for Summ. Jgmt., Ex. B.)

{¶ 26} In Cuyahoga C.P. No. CR-08-507594-A ("case No. CR-08-507594"), appellant entered a guilty plea to one count of receiving stolen property. The trial court imposed a sentence of 18 months incarceration in that case, to be served "concurrent to Cases CR 510974 and CR 498250." (Def.'s Mot. for Summ. Jgmt., Ex. C.)

{¶ 27} In Cuyahoga C.P. No. CR-08-510974-A ("case No. CR-08-510974"), appellant entered a guilty plea to one count of robbery, with accompanying one-year and three-year firearm specifications, as well as a forfeiture specification. The trial court in

that case filed an entry imposing "a prison sentence * * * of 5 year(s). 3 years as to firearm specification to be served prior to and consecutive to 2 years on base charge of count 1 for a total of 5 years. Sentence to run concurrent to Cases CR 498250 and CR 507594." (Def.'s Mot. for Summ. Jgmt., Ex. D.)

{¶ 28} On March 27, 2013, appellant filed a pro se petition for a writ of habeas corpus in the Marion County Court of Common Pleas, seeking discharge from his incarceration in the Marion County Correctional Institution. In the petition, appellant alleged in part that "all (3) three of the cases were to be served concurrently with each other," and that he was being held beyond his release date, having been "incarcerated for (5) five years on these cases."

{¶ 29} On July 23, 2013, respondent, the warden of the Marion County Correctional Institution, filed a motion for summary judgment. *See Young v. Bunting,* 3d Dist. No. 9-13-46, 2014-Ohio-3671, ¶ 9. In the summary judgment motion, respondent relied on the calculation by the Ohio Bureau of Sentence Computation, "which 'explains that his actual sentence is 7 years because he had to serve a 3 year sentence for the firearm specification in Case No. CR 08 510974 plus a 1 year sentence for the firearm specification in Case No. CR 07 498250, then 2 years, plus 3 years, plus 18 months on the base charges in the three cases for a total of 7 years." *Id.* Thus, the bureau of sentence computation "calculated the sentences so that the prison terms for specifications from two separate cases were consecutive rather than concurrent to each other." *Id.*

{¶ 30} The trial court granted respondent's motion for summary judgment and denied petitioner's petition for a writ of habeas corpus, holding that "even though the sentencing court did not expressly state so, the three base sentences were concurrent but the two specifications were consecutive to the base sentences and consecutive to each other." *Id.* at ¶ 10. The trial court therefore concluded that "the Petitioner's total sentence is seven years (3-year base sentence plus 1-year firearm specification plus 3-year firearm specification)." *Id.*

{¶ 31} Petitioner filed an appeal from the decision of the Marion County Court of Common Pleas, arguing that "since the sentencing court's judgment entries impose upon him a total prison term of five years, a contrary interpretation of the sentence by the Bureau of Sentence Computation and by the habeas court was unlawful." *Id.* at ¶ 11.

{¶ 32} In *Young,* the Third District Court of Appeals determined that an ambiguity was presented "by this situation as to whether the sentencing court acted contrary to statute and imposed a total aggregate sentence term of five years." *Id.* at ¶ 19. More specifically, the court in *Young* held in part:

> We recognize that the sentencing court imposed a sentence for each of the cases separately. The problem occurs because the sentencing court then ordered that the three total sentences, which included the firearm specifications, were to be served concurrently. Had the sentencing court imposed the three separate sentences without stating that they are to run concurrently to each other, R.C. 2929.14(C)(1)(a) would operate to require [appellant] to serve the two firearm specifications consecutively and we would affirm the habeas court's holding that "the sentences for the firearm specifications are served consecutively by operation of law without the necessity of the Court making such an order."
>
> Nevertheless, we disagree with the habeas court's statement that there is "no question of fact in this case." * * * We cannot completely disregard the sentencing court's statements in its sentencing entries that seem to contradict the statute. The sentencing court's statements that "total of 5 years" sentence in case CR-08-510974, which included firearm specifications, was to run *concurrently* to the "total of 4 years" sentence in case CR-07-498250, which included another firearm specification, suggest a possibility that the sentencing court imposed those specifications concurrently, contrary to the statutory requirement.

(Emphasis sic.) *Id.* at ¶ 13-14.

{¶ 33} Thus, while recognizing that "R.C. 2929.14(C)(1)(a) requires [appellant] to serve the two firearm specifications consecutively to each other, for a total aggregate term of seven years," the court in *Young* was "unable to completely disregard the [trial] court's statements in its sentencing entries that seem to impose an order contradicting the statute." *Id.* at ¶ 17. Noting that "[a] sentencing court speaks only through its journal entries," the court found it could not "rely on the notes provided by the Bureau of Sentence Computation, referring to a conversation with the sentencing court's bailiff in resolving the ambiguity," and that "the record does not reflect any journal entries modifying the sentences." *Id.* The reviewing court determined that "this matter must be

remanded to the habeas court to resolve the ambiguity present," and "[i]f the habeas court finds that the sentence imposed on [appellant] was a total aggregate term of five years in prison, in contradiction to the statute, and the term has expired, the habeas petition must be granted." *Id.* at ¶ 19.

{¶ 34} Following remand, the Marion County Court of Common Pleas issued a judgment on September 17, 2014, granting appellant's request for a writ of habeas corpus and ordering his immediate release. In its decision, the trial court, in reviewing the three sentencing entries issued by the Cuyahoga County Court of Common Pleas, held in part:

> The entries contain language that the sentences in each case are concurrent. However, R.C. 2929.14(C)(1)(a) requires that the firearm specification sentences be served consecutively to each other and consecutively to the underlying sentence. If the firearm specifications are served consecutively, as required by law, the total sentence would be seven years in prison. However, if all three sentences are to be served concurrently with each other, including the firearm specifications, then the total sentence would be five years in prison, which would be the sentence from Case No. 08-510974-A.
>
> Previously, this Court ruled that the sentences imposed pursuant to the firearm specifications are to be served consecutively as a matter of law and, thus, the total sentence is seven years. However, on August 25, 2014, the Third District Court of Appeals reversed this Court's earlier decision and remanded the case for further proceedings. The Third District Court of Appeals held that there was an ambiguity in the sentence and that this Court should resolve the ambiguity by allowing a review of the complete docket of the Cuyahoga County Court of Common Pleas and the sentencing transcript.
>
> By agreement of the parties, the Petitioner's Exhibit 1 and Respondent's Exhibits 1-17 were introduced into evidence and made a part of the record. * * * Neither party requested to present any additional evidence.
>
> This Court is required to follow the decision issued by the Third District Court of Appeals. Therefore, since there are no further sentencing entries, the Petitioner's total sentence is five years in prison, as all three sentences must be served concurrently with each other in accordance with the language of the sentencing entries, in spite of the requirements of R.C. 2929.14(C)(1)(a).

{¶ 35} Appellant subsequently filed the instant action in the Court of Claims, seeking damages for false imprisonment.  In its motion for summary judgment, ODRC argued appellant was legally confined pursuant to facially valid sentencing orders despite the fact those sentencing orders were ambiguous.  In its decision granting summary judgment in favor of ODRC and denying appellant's motion for partial summary judgment, the Court of Claims noted appellant "does not contend that the sentencing entries are invalid" but, rather, that ODRC "erred to properly calculate the expiration date of his sentence and sua sponte extended his sentence beyond the language of the sentencing entries."  The Court of Claims, after considering the statutory provisions of R.C. 2929.14(C)(1)(a) pertaining to the imposition of consecutive sentences, held in part:

> This statute requires that firearm specifications must be served consecutively and prior to any prison term for the underlying felony.  As analyzed by the Marion Court of Common Pleas, [appellant] was required to serve four years for his firearm specifications prior to his three-year base charge sentence in case number 07-498250-A pursuant to R.C. 2929.14(C)(1)(a). Therefore, the court finds that [ODRC] did not err when it calculated [appellant's] sentence release date to be November 22, 2014, inclusive of earned jail-time credit of 234 days. Even though [appellant's] writ was eventually granted in contravention of the statute, at the time of [appellant's] release, his stated term had not yet expired. Accordingly, [ODRC] still had privilege to confine [appellant] until it received the entry granting the writ and ordering his release.

(Decision at 9-10.)

{¶ 36} Pursuant to the provisions of R.C. 2743.02(A)(1), "the state may be held liable for the false imprisonment of its prisoners." *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107 (1991), paragraph two of the syllabus.  Under Ohio law, "[f]alse imprisonment occurs when a person confines another intentionally ' "without lawful privilege and against his consent within a limited area for any appreciable time, however short." ' " *Id.* at 109, citing *Feliciano v. Kreiger*, 50 Ohio St.2d 69, 71 (1977), quoting 1 Harper & James, *The Law of Torts*, Section 3.7 at 226 (1956).  Absent "an intervening justification, a person may be found liable for the tort of false imprisonment if he or she

intentionally continues to confine another despite knowledge that the privilege initially justifying that confinement no longer exists."  *Id.* at paragraph one of the syllabus.

{¶ 37} This court has previously noted that the elements for wrongful imprisonment of an inmate beyond a lawful term of incarceration are: "(1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists." *Corder v. Ohio Dept. of Rehab. & Corr.*, 94 Ohio App.3d 315, 318 (10th Dist.1994).

{¶ 38} As set forth above, in finding ODRC had the privilege to confine appellant beyond a five-year term, the Court of Claims relied in part on the analysis of the Marion County Court of Common Pleas in the habeas corpus proceeding.  Specifically, the Court of Claims agreed with the trial court's observation that, pursuant to R.C. 2929.14(C)(1)(a), the sentences for the firearm specifications were required to be served consecutively to each other and consecutively to the underling sentence, thus resulting in a seven-year sentence.  The Court of Claims reasoned that, even though appellant was eventually granted habeas relief, his stated term had not yet expired at the time of his release.

{¶ 39} Appellant contends the Court of Claims erred in finding ODRC was operating under a facially valid judgment in holding him past his lawful sentence. According to appellant, the sentencing entries indicated all sentences were ordered to be served concurrently, and that the entries imposed a total prison term of five years.

{¶ 40} In support, appellant cites to language in the *Young* decision, in which the Third District Court of Appeals reviewed appellant's appeal of the trial court's decision denying his petition for habeas corpus.  As set forth above, the court in *Young* remanded the matter to the trial court "to resolve the ambiguity present by this situation as to whether the sentencing court acted contrary to statute and imposed a total aggregate sentence term of five years."  *Id.* at ¶ 19.

{¶ 41} In a concurring opinion in *Young,* Judge Rogers, while agreeing with the majority's decision to reverse the habeas court's decision, concluded he would reverse and order the immediate release of appellant from confinement.  The concurring opinion disagreed with the majority's view as to any ambiguity in the sentencing entries, stating in part:

> The majority asserts that the journal entries are ambiguous and, "[b]ased on what we have before us, we are unable to

> resolve the ambiguity." * * * It appears that the majority requires more in the record to prove that the court intended to incorrectly sentence Young beyond the plain, unambiguous language of the sentencing entries. * * * Here, the only journalized entries on record unambiguously state that Young's sentences were to run concurrently to one another. There is nothing that otherwise creates ambiguity in this case.

*Id.* at ¶ 25.

{¶ 42} Thus, in contrast to the majority's conclusion, the concurrence determined "there is no ambiguity in the sentences, even though they are clearly in contravention of the law. Young's sentence expired after five years, and the State has failed to provide any evidence that it has the authority to continue his detention." *Id.* at ¶ 35. Further, noting that the sentences at issue "were not appealed by the state or modified by the trial court," and that "each stands as a final order of the court," the concurrence concluded that ODRC had "no authority to modify those orders and must comply with them as written." *Id.* at ¶ 39.

{¶ 43} Based on this court's de novo review, we agree with the concurring opinion in *Young* that no ambiguity is presented by the sentencing entries, i.e., all three sentencing entries indicate the sentences were to run concurrently to one another. Arguably, to the extent there is an ambiguity presented, it would be with respect to application of the statutory language to the concurrent sentences imposed. As noted by the concurrence in *Young*, however, the state did not appeal those sentences, nor were the sentences modified by the trial court and, therefore, "each stands as a final order of the court." *Id.*

{¶ 44} Further, accepting the sentencing court in Cuyahoga County erred in ordering the sentences to be served concurrently, we conclude ODRC had no authority to disregard facially valid entries, which all provided for concurrent sentences and which imposed a total aggregate sentence of five years. Stated otherwise, ODRC lacks authority to interpret or correct an unambiguous sentencing entry even if it believes the sentence is erroneous. *See State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567, 573-74 (10th Dist.1991) (Adult Parole Authority could not ignore trial court's determination of jail-time credit and substitute its own calculations). Thus, we agree with appellant's contention the

Court of Claims erred in its determination that ODRC "still had privilege to confine [appellant] until it received the entry granting the writ and ordering his release."

{¶ 45} Based on this court's de novo review, we conclude the Court of Claims erred in granting summary judgment in favor of ODRC on appellant's claim for false imprisonment.

{¶ 46} Therefore, we sustain the third assignment of error.

{¶ 47} Under the fourth assignment of error, appellant contends the Court of Claims erred in holding that his causes of action for negligence, intentional and negligent infliction of emotional distress, and malicious prosecution in violation of constitutional rights under 42 U.S.C. 1983 were based on the decisions and result of appellant's claim for false imprisonment.

{¶ 48} In its summary judgment decision, the Court of Claims noted it had previously dismissed appellant's constitutional claims alleging negligence, intentional and negligent infliction of emotional distress and malicious prosecution under 42 U.S.C. 1983 for lack of subject-matter jurisdiction (by entry of partial dismissal filed on April 15, 2016). The decision further stated: "Assuming, however, that these claims remain pending, the court finds that these claims are based upon the decisions and result of [appellant's] claim for false imprisonment. As such, [ODRC] is entitled to judgment as a matter of law." (Decision at 10.)

{¶ 49} At the outset, we note this court has "consistently held that the Court of Claims does not have jurisdiction over actions brought pursuant to 42 U.S.C. 1983." *Jackson v. Northeast Pre-Release Ctr.*, 10th Dist. No. 09AP-457, 2010-Ohio-1022, ¶ 19, citing *Deavors v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 98AP-1105 (May 20, 1999); *White v. Chillicothe Corr. Inst.*, 10th Dist. No. 92AP-1230 (Dec. 29, 1992); and *Rankin v. Ohio Reformatory for Women*, 10th Dist. No. 09AP-524, 2009-Ohio-6575, ¶ 20. Such conclusion "is consistent with the fact that the Court of Claims has exclusive jurisdiction over civil actions against the state or its agencies, and that neither the state nor its agencies is a 'person' within the meaning in Section 1983, Title 42, U.S. Code." *Deavors.*

{¶ 50} Counts 3, 4, and 5 of appellant's complaint, alleging intentional and/or negligent infliction of emotional distress, negligence and malicious prosecution, are all styled as "violation of constitutional rights under 42 U.S.C. Section 1983." To the extent

appellant alleges claims under 42 U.S.C. 1983, the Court of Claims properly dismissed those counts. To the extent the summary judgment decision discusses any potentially remaining claims as disposed of by the "result of [appellant's] claim for false imprisonment," appellant has failed to demonstrate prejudice in light of our disposition of the third assignment of error.

{¶ 51} Appellant's fourth assignment of error is not well-taken and is overruled.

{¶ 52} Based on the foregoing, appellant's first, second, and fourth assignments of error are overruled, the third assignment of error is sustained, and the judgment of the Court of Claims of Ohio is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed and cause remanded.*

KLATT, J., concurs
SADLER, J., concurs in judgment only.

SADLER, J., concurring in judgment only.

{¶ 53} I agree with the majority that ODRC has no authority to disregard facially valid sentencing entries providing for concurrent sentences, regardless of the statutory law to the contrary. Because the state elected not to appeal from the sentencing entries, those sentences are final. I therefore agree with the majority that the Court of Claims erred in its determination that ODRC had a privilege to confine appellant until it received the entry granting the writ.

{¶ 54} In reaching its conclusion, however, the majority states at paragraph 43 that "we agree with the concurring opinion in *Young* that no ambiguity is presented by the sentencing entries." In my view, it is not necessary for this court to weigh in on the apparent disagreement between the panel members in *Young* in order to reverse the judgment of the Court of Claims in this case, particularly where the unappealed judgment of the trial court on remand conclusively established that the sentencing entries provided for concurrent sentences.

{¶ 55} My departure from this aspect of the majority opinion notwithstanding, I concur with the judgment of the majority.

_____